MATTHIAS T. COLEMAN and Another v. CHARLES N. AKERS.[1]

November 21, 1902.

Nos. 13,308—(59).

### Laches—Judgment on Default.

The doctrine of laches, as pertinent to a failure properly and seasonably to prosecute an action to judgment, applied to the facts in this case; and it is *held* that plaintiff, who neglected to enter a default judgment for nearly eight years after service of the summons upon defendant, was not sufficiently diligent, and that the judgment was improperly entered.

[1] Reported in 92 N. W. 408.

**Same—Voidable.**

A judgment entered under such circumstances is voidable, and, in the municipal court of the city of St. Paul, may be set aside under the provisions of Sp. Laws 1889, c. 351, § 21, subd. 7.

Appeal by plaintiffs from an order of the municipal court of St. Paul, Hine, J., vacating a judgment by default entered against defendant, and dismissing the action for want of prosecution. Affirmed.

*O. H. Comfort,* for appellants.

*Thomas M. Dill,* for respondent.

COLLINS, J.

Plaintiffs brought an action in the St. Paul municipal court to recover upon a contract for the payment of money only, and caused the summons to be personally served on defendant January 26, 1894. The latter failed to answer, but no steps whatsoever were taken towards entering judgment against him until November 5, 1901,—almost eight years after service of the summons. The summons, with proof of service, an affidavit showing default, and one of costs and disbursements, were then filed, and judgment was then entered. Defendant immediately moved to set aside and vacate this judgment as improperly and unseasonably entered, because of the obvious failure diligently to prosecute the action. This appeal is from an order granting the motion.

1. A bare statement of the facts as above set forth is sufficient to show that the order appealed from should be affirmed. The court below simply applied the doctrine that laches, which may have precisely the same consequences as if no action at all had been instituted, may arise from a failure seasonably and diligently to prosecute an action. In other words, the mere institution of a suit does not, of itself, absolve a plaintiff from the charge of laches. This doctrine does not depend upon the statute of limitations, but, in a great measure, upon the peculiar circumstances surrounding such case. The spirit of our laws and public policy both require reasonable diligence in bringing litigation to a close, and in this case nearly eight years intervened between personal service of a summons and the taking of any further steps towards the entry of judgment. The facts clearly bring the case within the

doctrine recognized and laid down in this jurisdiction in Taylor v. Whitney, 56 Minn. 386, 57 N. W. 937, and St. Paul, M. & M. Ry. Co. v. Eckel, 82 Minn. 278, 84 N. W. 1008. See also Johnston v. Standard Mining Co., 148 U. S. 360, 13 Sup. Ct. 585; Willard v. Wood, 164 U. S. 502, 17 Sup. Ct. 176.

2. The judgment in this case was voidable only, and the court below was empowered to vacate it under the provisions of Sp. Laws 1889, c. 351, § 21, subd. 7, which expressly authorize the setting aside of judgments, for good cause shown, within sixty days after the party affected has notice or knowledge thereof.

Judgment affirmed.