## FREDERICK B. CROCKER v. EDWARD BERGH.[1]

June 21, 1912.

Nos. 17,714—(248).

**Judgment against bankrupt — enforcement.**

A bankrupt has an absolute right to have execution, on a judgment recovered against him after the filing of a petition in bankruptcy and before his discharge, perpetually enjoined on motion after his discharge.

**Entry of judgment upon default — laches.**

The right to enter a default judgment may be lost by laches, and if entered thereafter it may be vacated, and action dismissed for want of prosecution. The question of laches is one ordinarily resting in the sound discretion of the trial judge.

**Enforcement of judgment stayed.**

The trial court did not err in denying defendant's motion to enjoin a default judgment entered against him after his discharge in bankruptcy, or to vacate it and dismiss the action on the ground of laches.

Judgment in an action in the municipal court of Minneapolis, begun in 1909, was entered upon default in June, 1911.

In January, 1912, defendant moved for an order requiring plaintiff or his attorney to satisfy the judgment, or for an order perpetually enjoining further proceedings on such judgment, or for such relief as to the court might seem proper. The motion was denied. Montgomery, J. From the order denying his motion to set aside the judgment and to perpetually enjoin further proceedings thereon, defendant appealed. Affirmed.

*James A. Peterson,* for appellant.
*Everett Moon,* for respondent.

START, C. J.

Appeal from an order of the municipal court of the city of Minne-

[1] Reported in 136 N. W. 737.

apolis denying the defendant's motion for an order directing satisfaction of a judgment against him, or for an order perpetually enjoining any further proceedings thereon, or for such other relief as to the court might seem proper. The facts here relevant, as disclosed by the record, are these:

January 15, 1909, the plaintiff commenced an action, hereafter referred to as action No. 1, in the municipal court of the city of Minneapolis against the defendant to recover $70 for rent. The defendant defaulted, as of the date of January 25, 1909, in action No. 1. On September 19, 1910, the defendant was duly adjudged a bankrupt in the proper Federal court. The plaintiff's claim for rent, which was the basis of action No. 1, was scheduled and notice duly mailed to the plaintiff on September 24, 1910, and there is no denial on the part of the plaintiff that such notice was received by him. February 18, 1911, the defendant was duly discharged of all debts and claims provable against him. Thereafter, and on June 2, 1911, the plaintiff caused judgment in action No. 1 to be entered against the defendant in default of an answer or appearance on his part, and without notice to him other than the personal service of the summons. The defendant supposed and assumed, during the pendency of the bankruptcy proceedings, that judgment had been promptly entered against him on his default, and in the schedule of the plaintiff's claim it was stated that the claim was in judgment. On November 14, 1911, the plaintiff commenced an action (No. 2) against the defendant upon the judgment so rendered. The defendant, on November 24, 1911, appeared and answered in action No. 2, setting up his discharge in bankruptcy.

Thereafter, and on January 18, 1912, he made the motion in action No. 1 in which the order appealed from was made. This motion, it will be noted, was not one to have the default judgment in action No. 1 opened and to be permitted to answer setting up his discharge. It was simply a motion to have the judgment satisfied, or further proceedings thereon perpetually enjoined, or for such other relief as the court might deem proper.

It is clear that the defendant was not entitled to have the judgment satisfied, for there is no claim that it has ever been paid, and

equally clear that he was not entitled to have further proceedings on the judgment enjoined, for the judgment was entered some $3\frac{1}{2}$ months after the defendant received his discharge. The rules applicable to this phase of the case are well settled, and to this effect: A judgment recovered against a bankrupt after the commencement of proceedings in bankruptcy and before his discharge is annulled thereby, and he has the absolute right, if not guilty of laches, to have further proceedings thereon perpetually enjoined, for he had no opportunity to plead in bar a discharge which had not then been granted. On the other hand, where the judgment is recovered after the discharge has been granted, no matter when the action was begun, it is valid and enforceable, for the bankrupt has had his opportunity to plead in bar his discharge. Dimock v. Revere Copper Co. 117 U. S. 559, 6 Sup. Ct. 855, 29 L. ed. 994; Boynton v. Ball, 121 U. S. 457, 7 Sup. Ct. 981, 30 L. ed. 985; Cavanaugh v. Fenley, 94 Minn. 505, 103 N. W. 711, 110 Am. St. 382.

The only other question presented by the record is, what other, if any, relief the defendant was entitled to under his general prayer for relief. Where, as in this case, there is an appearance and contest on the merits of a motion which prays for both specific and general relief, the court may grant the moving party any relief the facts may justify, if the adverse party be not thereby taken by surprise. 2 Dunnell, Minn. Digest, § 6500.

The defendant urges that the plaintiff by laches, continuing for two years and four months, in entering judgment upon defendant's default, lost the right to enter it after his discharge in bankruptcy, the plaintiff having had due notice of the pendency of such proceedings; that notice should have been given to him of the proposed entry of the judgment; and, further, that the entry of such judgment was an evasion of the Federal bankruptcy act,[1] and the taking of an undue advantage of defendant. These several claims rest upon the alleged laches of the plaintiff, for the reason that the law fixes no definite time limit within which default judgment must be entered. The right, however, to enter such a judgment may be lost by laches, and if entered thereafter it may be vacated on motion, and action dismissed

[1] [30 St. 544.]

for want of prosecution.   Coleman v. Akers, 87 Minn. 492, 92 N. W. 408.

In the case cited the delay in entering the judgment was nearly eight years, and the action of the trial court vacating the judgment and dismissing the action was affirmed by this court.   If, then, the defendant was, upon the facts shown by the record, entitled as a matter of law to have the judgment vacated and the action dismissed for plaintiff's laches, the trial court erred in not so ordering, for such relief is fairly within the general prayer of the motion.   The question of laches, however, is ordinarily one addressed to the sound discretion of the trial judge, and his decision will not be reversed, unless it appears that the discretion was abused.   Lloyd v. Simons, 97 Minn. 315, 105 N. W. 902.

We hold, upon a careful consideration of the record, that the question of laches in this case was one addressed to the discretion of the trial judge, and that the discretion was not abused.   It is quite apparent from the record that the defendant himself was not free from laches.

Order affirmed.