## FIRST NATIONAL BANK OF NORTHFIELD v. GALEN H. COON AND OTHERS.[1]

### February 8, 1918.

### No. 20,734.

**Judgment — default in violation of court rule — error not to vacate.**

On the facts shown, it was error to refuse to vacate a default entered because defendant was not in court when his cases were reached on the calendar for trial.

Action in the district court for Rice county to recover $815.74 upon two promissory notes. From an order, Childress, J., denying his motion to set aside his default and reinstating the cause upon the trial calendar, defendant appealed. Reversed.

*Charles Jaudon Berryhill,* for appellant.

*R. D. Barrett,* for respondent.

HALLAM, J.

This case was on the May, 1917, calendar of the district court of Rice county for trial by jury. On the preliminary call of the calendar it was the ninth case for trial. The only answering defendant, Galen H. Coon, lives in St. Paul. His attorney lives on a farm some miles from St. Paul. Plaintiff's attorney resides in Minneapolis. The trial of jury cases commenced Monday, May 14. On the morning of Tuesday, May 15, defendant called the clerk of the court by telephone, was

[1]Reported in 166 N. W. 400.

told that the first jury case was still on trial and that defendant's case would probably not be reached before Thursday. Later in the forenoon it became apparent that it might be reached earlier. The clerk made an effort to again get into communication with defendant but failed. Plaintiff's attorney also tried to reach defendant but failed. Neither defendant nor his attorney received any information, in fact, of the changed condition of the calendar until late Wednesday. At 11:40 a. m. Wednesday this case, and two others following it on the calendar between these parties, were taken up out of their order and defendant was defaulted. On Saturday defendant asked for an order to show cause why the default should not be opened. The jury was not discharged until the following Thursday, May 24. The court fixed Friday, May 25, as the return day of the order. After a hearing, the court declined to reopen the cases. Defendant Galen H. Coon appeals.

The big fact is, that defendant has not had a trial of his case on the merits. This is not conclusive because a party may, by neglect, lose his right to a trial on the merits. But the courts will extend much liberality in opening a default, if the party defaulted has acted in good faith and the prevailing party can be made whole by the imposition of terms.

The next important fact is, that these cases were taken up and disposed of out of their regular order. The rules of court provide that cases shall be tried in their order on the calendar. Litigants are entitled to rely on this rule. These cases were advanced ahead of a case which stood earlier on the calendar for trial and which was taken up for trial immediately after defendant was defaulted. Had all cases been taken up in their order on the calendar, defendant's cases would not have been reached earlier than 5:30 p. m. on Wednesday. It is hardly conceivable that the court would, under the circumstances, have defaulted three jury cases at that hour of the day. Defendant was preparing to appear for trial on Thursday morning when he learned he had been defaulted. He acted promptly after discovery of the default. He made application to open the default five days before the jury had been discharged for the term. The cases might have been reinstated and tried at that term of court. Defendant acted in good faith. His answer stated a good defense. He presented some excuse. The time lost by

the court because of his nonappearance on Wednesday was negligible. Plaintiff could easily have been compensated for any expense or inconvenience by imposition of terms. Defendant should have been allowed a trial on the merits.

Order reversed.