CHARLES H. WHEELER AND WALTER H. WHEELER v. ALICE W. WHITNEY, AS EXECUTRIX OF THE ESTATE OF ALBERT G. WHITNEY, DECEASED AS SUBSTITUTED DEFENDANT HEREIN FOR ALBERT G. WHITNEY.[1]

July 20, 1923.

No. 23,489.

Dismissal of action for failure to prosecute.

1. Chapter 56, Laws 1919, does not affect the inherent power of the district court to dismiss an action for plaintiff's failure to prosecute it with due diligence.

Dismissal for want of diligent prosecution.

2. The cause of action asserted accrued in February, 1911. Suit was begun nearly 6 years later. Issue was joined in March, 1917, but no

[1]Reported in 194 N. W. 777.

notice of trial was served until November, 1921. During the whole time plaintiffs resided at Minneapolis and defendant at St. Cloud. In January, 1922, defendant died and his executrix was substituted as defendant. Plaintiffs' claim was for compensation for selling bonds for defendant. The sale was made to a Chicago bank and the officer who made the purchase had died. Death and the inexcusable delay of plaintiffs have placed defendant at a disadvantage. *Held* that the action was properly dismissed for want of diligent prosecution.

Action in the district court for Stearns county to recover $16,000 upon a contract. Defendant's motion to dismiss the action because of laches in the prosecution thereof was granted, Roeser, J. From the judgment entered pursuant to the order for judgment, plaintiffs appealed. Affirmed.

*Donohue & Quigley*, for appellants.

*John D. Sullivan*, for respondent.

LEES, C.

Plaintiffs have appealed from a judgment of dismissal for their failure to prosecute this action with due diligence. They sued on a contract with Albert G. Whitney, made in July, 1910, alleging that he employed them to aid in selling an issue of bonds of the St. Cloud Water Power Company and promised to pay their expenses and liberal compensation for their services, and that in February, 1911, through their efforts, the Colonial Trust & Savings Bank of Chicago underwrote and actually purchased bonds amounting to $300,000. They placed the value of their services at $15,000 and their expenses at $1,000, and demanded judgment therefor, with interest from March 1, 1911. The summons and complaint were served February 7, 1917. Mr. Whitney answered, denying the material allegations of the complaint. Plaintiffs' reply was served March 19, 1917, but they did not notice the case for trial until November 25, 1921. On the call of the calendar, a motion was made to dismiss for want of prosecution and the case went over the term. While the motion was pending and on January 11, 1922, Mr. Whitney died. His widow was the executrix of his will and was substituted as defendant, and additional affidavits were filed by both

parties. The court granted the motion and a judgment of · dismissal was entered.

In the order granting the motion the court specifically found that plaintiffs had not exercised due diligence in the prosecution of the action. Plaintiffs contend that chapter 56, p. 51, Laws 1919, indicates a clear legislative intention that no action shall be dismissed for want of prosecution prior to the expiration of 5 years from the date of its commencement, and then only for good cause and after a hearing upon notice. The statute is short and reads thus:

"That any district court may dismiss, upon its own or upon the motion of either party, after such notice as the court shall in each case prescribe, any and all actions or proceedings pending therein in which issue shall have been joined and which shall not be brought to trial within five (5) years from and after the commencement of each action or proceeding."

In our opinion it does not affect the power of the district court to dismiss for plaintiffs' failure to prosecute with due diligence. The power is inherent and exists independently of statute. 9 R. C. L. p. 206; 18 C. J. p. 1192. Chapter 56 does not restrict the power; it enlarges it. The mere failure to bring an action to trial within the prescribed time is a sufficient ground for a dismissal, unless the failure to prosecute is excused to the satisfaction of the court.

The remaining question is whether the facts justified the court in granting the motion. It has been well said that the spirit of our laws and public policy require reasonable diligence in bringing litigation to a close and will not permit parties to drag suits unreasonably. St. Paul, M. & M. Ry. Co. v. Eckel, 82 Minn. 278, 84 N. W. 1008. The mere bringing of an action ought not to relieve a person from the imputation of laches. Witnesses die or disappear and facts fade from memory. The trial of actions should never be unreasonably and negligently delayed. The courts should not so act as to justify complaints about the law's delay, a phrase which usually means lack of diligence on the part of litigants and their attorneys.

The facts in the case at bar warranted the dismissal. Mr. Whitney's death has greatly handicapped the defense. It was shown

that the officer of the bank with whom he dealt died in May, 1915. It is improbable that the facts are still fresh in the mind of any one who had anything to do with the sale of the bonds. Even the plaintiffs can hardly relate them now with the same degree of certainty as they could have 10 years ago. They have resided at Minneapolis ever since their cause of action accrued, and Mr. Whitney at St. Cloud. He was financially responsible. There was nothing to prevent plaintiffs from collecting their pay long ago if Mr. Whitney owed them anything. It is difficult to understand the long delay if they had confidence in the justice of their claim. They give no satisfactory excuse for the delay. It is suggested that Mr. Whitney might have noticed the case for trial and was at fault for failing to do so. In the Eckel case a similar suggestion was met with the statement that it was not incumbent upon the defendant to seek out his adversary and, by a notice of trial, compel the determination of the lawsuit. That case is practically determinative of this one. The action was in ejectment. About 3 years after issue was joined the defendant died. Nearly 3 years later a motion was made for the substitution of the heirs at law as defendants. The motion was denied. In sustaining the order of the district court, this court said [82 Minn. 281]:

"The doctrine of laches, when applicable to refusals of the courts to enforce stale demands, is not dependent upon the statutory limitation, but is governed in a great measure by the peculiar circumstances surrounding each case, by the nature of the claim, and whether the delay has been unnecessary and unreasonable. Taylor v. Whitney, 56 Minn. 386, 57 N. W. 937. As was said in Mackall v. Casilear, 137 U. S. 556, 11 Sup. Ct. 178, 34 L. ed. 776, the doctrine of laches is based upon grounds of public policy, which, for the peace of society, demand the discouragement of stale claims."

A consideration of the facts in the instant case leads to the conclusion that the court below exercised sound judicial discretion in granting the motion to dismiss.

Judgment affirmed.