## ROSCOE BLACK COMPANY v. NETTIE K. BROWN.
## E. V. GARDNER, INTERVENER.[1]

October 16, 1925.

No. 24,726.

**When judgment of mechanic against landowner, who fails to receive notice of claim, may be contested.**

In an action to foreclose a mechanic's lien, respondent, a lien holder not named as a defendant, was admitted as a party pursuant to a stipulation with plaintiff and filed an answer setting up his lien. The appellant landowner was a defendant in the original action, but did not appear. Respondent recovered a money judgment against the contractor, to whom he had furnished labor and materials, and a judgment against appellant impressing her land with his lien. Appellant attacks the judgment on the ground that it is void for want of jurisdiction because she had not been notified of respondent's claim or that he had been admitted as a party. *Held* that, in the absence of a showing upon the face of the record or by extrinsic evidence that appellant had not received notice, the judgment was not void for want of jurisdiction; that at most it was irregular to enter it without notice to appellant; and that, on a proper showing, she may have the judgment vacated in order to contest respondent's claim.

See Appeal and Error, 4 C. J. p. 741, § 2672; Judgments, 34 C. J. p. 352, § 567; Mechanics Liens, 27 Cyc. p. 442 (Anno).

Action in the district court for Hennepin county to foreclose a mechanic's lien. The case was tried before Baldwin, J., who ordered judgment in favor of defendants Ar-En Company and Gardner. Defendant Brown appealed from an order, Nye, J., refusing to vacate the judgment in favor of defendant Gardner. Affirmed.

*Willis F. Doherty*, for appellant.
*H. E. Wheeler*, for respondent.

LEES, C.

The appellant, Nettie K. Brown, owned certain land in the village

[1]Reported in 205 N. W. 438.

of Richfield, Hennepin county. She entered into a contract with the Ar-En Company for the erection of a dwelling house and garage on the land. Plaintiff sold materials to the contractor, which were used in the construction of the building, filed a lien claim against the property, and brought this action to foreclose its lien. Appellant, the contractor, and two others, were made defendants, but the respondent, E. V. Gardner, was not made a party. He also had furnished material and labor to the contractor, who failed to pay him therefor and, after plaintiff's action was begun, he too filed notice that he claimed a lien for the amount due him.

Plaintiff had the summons served on appellant and the other defendants. None of them appeared or answered. The complaint demanded a money judgment against the contractor and asked that the amount thereof be declared a lien on appellant's property. The summons contained the usual notice that the object of the action was to foreclose a mechanic's lien upon the property described in the notice. The respective attorneys for plaintiff and for respondent stipulated that the latter might be made a party defendant in the pending action and file his answer therein. Pursuant to the stipulation, an answer was filed, and the court subsequently ordered that respondent be made a party defendant. The answer demanded a money judgment against the contractor and asked that the amount thereof be made a specific lien on appellant's property.

The court made findings and gave respondent a money judgment against the contractor, and directed that appellant's property be sold to pay the judgment. After judgment was entered, appellant applied to the court for the vacation thereof on the ground that the record showed on its face that the judgment was void for want of jurisdiction of her person or property. An order was entered denying the application and she appealed from the order.

The question to be determined is whether it was made to appear that the court had no jurisdiction to render the judgment in question.

The judge's certificate is that the record contains the moving papers and affidavits which were before the court when the motion was heard and denied, and that the record of the trial of the action

in which the judgment was rendered was not before the court and was 'not considered. This certificate was made pursuant to the stipulation of counsel for the respective parties.

The record does not show affirmatively that appellant was notified of the filing of respondent's answer or that he had been admitted as a party. For want of such showing appellant insists that, insofar as the judgment impresses a lien upon her land, it is void for want of jurisdiction.

The subject matter of the action was certainly within the jurisdiction of the court. Menzel v. Tubbs, 51 Minn. 364, 53 N. W. 653, 1017, 17 L. R. A. 815. In a case entertained by the district court, jurisdiction over the subject matter and the person of the defendant is presumed, unless the want of jurisdiction appears on the face of the record or is shown by extrinsic evidence in a direct attack upon the judgment. Dun. Dig. §§ 2347, 5146.

To have the judgment vacated it was necessary that appellant should rebut this presumption. The record contains no affidavits in support of the motion to vacate. Possibly the order admitting respondent as a party was based wholly on the stipulation, but this does not appear affirmatively upon the face of the record. We do not know upon what showing the court gave the respondent the judgment which appellant has attacked. There is no settled case from which we can ascertain the facts and the judge's certificate expressly states that he did not have the record before him when he passed on appellant's motion. In this situation it is clear that the presumption of jurisdiction has not been overcome.

We need not inquire whether notice to appellant was necessary to give the court jurisdiction to admit respondent as a party to the original action, but we do hold that one occupying the position of respondent ought to be required to notify the landowner that, at a specified time and place, he will apply for an order admitting him as a party to the original action and that, until such notice is given, the court may properly refuse to permit him to offer proof of his claim. The failure to give such notice would at least be an irregularity for which the court might properly vacate the judgment.

In their briefs counsel have traveled far away from the record, referring to matters which have nothing to do with the case. We pay no attention to anything not in the record and do not approve of statements outside it, apparently intended to influence the court in its consideration of the appeal.

The order refusing to vacate the judgment is affirmed without prejudice to the right of the appellant, on the going down of the remittitur, to apply for the vacation of the judgment on a showing that she had no notice of respondent's claim and that she has a meritorious defense thereto.