## W. J. DAVIS v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

January 17, 1930.

No. 27,489.

F. M. Ridgway and F. J. Donahue, for appellant.

D. F. Lyons and D. R. Frost, for respondent.

[1]Reported in 229 N. W. 86.

HILTON, J.

·Plaintiff appeals from an order made on March 12, 1929, dismissing his action for lack of diligence in its prosecution and for inexcusable laches.

On September 10, 1909, plaintiff with one Hall as his attorney instituted in Aitkin county an action to recover $300 from defendant for the·killing by one of defendant's engines on September 4, 1908, of two of plaintiff's horses. Within the time for answering defendant made a proper motion to have the complaint made more definite and certain. This motion was granted with leave for plaintiff to amend his complaint in 20 days. There were no other pleadings. Neither the notice of motion nor the order on same were filed with the clerk until February 25, 1924. There is no affirmative proof that notice of the making of the order was served on plaintiff or his attorney.

On March 2, 1910, plaintiff by the same attorney commenced suit in the same court against defendant on identically the same cause of action, the complaint in which was verified by plaintiff in person. Defendant served an answer thereto pleading the pendency of the other suit as a bar. Plaintiff's reply, verified by him, denied each and every allegation of new matter in the answer. This was a denial of the pendency of the first action. The second action was noticed for trial for the term of court commencing on May 17, 1910. On May 12, 1911, in reply to a telegram, plaintiff's attorney, Hall, wired defendant that the case would not be up for trial at the ensuing term. For more than 12 years nothing further was heard of either case. In October, 1923, the attorney now appearing for plaintiff, without any notice of substitution of attorneys, interviewed a district claim agent of defendant and later by letter to defendant suggested negotiations for a settlement. On December 31, 1923, said attorney for plaintiff executed a notice of dismissal of the second action, which notice was filed on January 15, 1924, but never served on defendant. On December 31, 1923, plaintiff made a written designation of present attorney as his attorney and filed the same on January 29, 1924. No service thereof was made upon defendant. On January 28, 1924, plaintiff made an affidavit of no

answer and filed the same on January 29, 1924. On January 31, 1924, commission to take depositions (of named witnesses) was issued by the clerk. No service thereof was made on defendant, and no interrogatories were filed by plaintiff. On February 19, 1924, a sealed envelope indorsed "Depositions of [names of persons]" was filed with the clerk and still remains unopened. On February 7, 1924, note of issue was filed by attorney for plaintiff, but no notice óf trial was served or filed. On February 19, 1924, plaintiff's attorney appeared at the general term of court, called the attention of the court to the case, but made no formal motion and offered no evidence. No court reporter was present, and no further appearance was made in the case. At a later time during the term an order was made striking the case from the calendar.

On January 26, 1925, Judge C. W. Stanton, judge of the fifteenth judicial district (in which Aitkin county is situate) sent a letter addressed jointly to the present attorneys of plaintiff and the legal department of defendant, in which he recited in chronological order the progress of the litigation as the same appeared from the records in the office of the clerk of court as above set forth and made the foregoing statement relative to the occurrences on February 19, 1924. Plaintiff's attorney in an affidavit however states that there was evidence taken. In February, 1929, plaintiff's attorney filed a note of issue, and the case appeared on the 1929 calendar. No notice of trial was served or filed. Judge Stanton died in 1927.

From the date of Judge Stanton's letter until shortly before February 19, 1929, defendant heard no more of either case, and then only because it received from the clerk of court a copy of the calendar for that term. At the call of the calendar defendant made a motion to dismiss the case on the grounds of lack of diligence in its prosecution and for inexcusable laches. Plaintiff's attorney was then present and the court allowed her ten days in which to submit affidavits and brief. This she did. Judge Torrance, then holding said term of court, made the order dismissing the action for the reasons stated.

The order made by the court was more than justified, not only because of the circumstance that from 1911 to 1923 twelve years had

elapsed without anything being done about the cases, but also by reason of the showing in the record as to the four years from the date of Judge Stanton's letter (January 26, 1925, to February, 1929). In Coleman v. Akers, 87 Minn. 492, 493, 92 N. W. 408, the court said in approving the dismissal of the action for want of prosecution:

"The spirit of our laws and public policy both require reasonable diligence in bringing litigation to a close, and in this case nearly eight years intervened between personal service of a summons and the taking of any further steps towards the entry of judgment. The facts clearly bring the case within the doctrine recognized and laid down in this jurisdiction."

The power so to dismiss is inherent in the court and exists independently of statute. Wheeler v. Whitney, 156 Minn. 362, 194 N. W. 777. Under the situation here it was not only proper for the court to make the order of dismissal, but it was its manifest duty. It would have been an abuse of discretion not to do so. This 20-year old lawsuit is ended.

Order affirmed.