## ROSCOE BLACK COMPANY v. AR-EN COMPANY AND OTHERS.[1]

December 18, 1931.

No. 28,462.

[1]Reported in 239 N. W. 763.

*Willis Doherty,* for appellant.
*H. E. Wheeler,* for respondent E. V. Gardner.

STONE, J.

Nettie K. Brown, a defendant in this action to foreclose a mechanic's lien on property owned by her, appeals from an order denying her second motion to vacate a judgment in favor of E. V. Gardner, another defendant, who is a party because of his assertion of a lien, additional to that of plaintiff, for materials furnished in the erection of a building on the property of defendant Brown.

The first effort by appellant to vacate this same Gardner judgment was unsuccessful. The order denying the first motion was affirmed here (164 Minn. 440, 443, 205 N. W. 438, 439). We then held that the court below had jurisdiction both of appellant and her property. She was duly served with the summons. So the special appearance which she attempted to make for the purpose of the present motion is of not much importance. If there was anything wrong with the Gardner judgment, it was the irregularity of failing to give appellant notice of the application of Gardner to be made a party. We affirmed the order denying appellant's first motion, made and denied in 1924, but without prejudice to her right, on the going down of the remittitur, to apply for the vacation of the judgment "on a showing that she had no notice of respondent's claim and that she has a meritorious defense thereto." Notwithstanding the explicit privilege so given in a decision made October 16, 1925, appellant made no move until March 24, 1930, when the second motion to vacate the Gardner judgment was brought on for hearing.

All else aside, appellant has been guilty of such laches in the matter that the denial of her second and long delayed motion was

justified, if not demanded. See Coleman v. Akers, 87 Minn. 492, 92 N. W. 408; Wheeler v. Whitney, 156 Minn. 362, 194 N. W. 777; Davis v. N. P. Ry. Co. 179 Minn. 225, 229 N. W. 86.

Order affirmed.

