## RYLAND B. NYBERG v. CAMBRIDGE STATE BANK AND ANOTHER.[1]

July 22, 1955.

No. 36,501.

*Bruce B. James,* for appellant.
*Robert B. Gillespie* and *Gillespie & Dablow,* for respondents.

KNUTSON, JUSTICE.

Appeal from an order denying plaintiff's motion to vacate an order dismissing his cause of action with prejudice.

The facts are not seriously in dispute. Plaintiff commenced his cause of action in April 1950, with Irvin E. Shermer as his attorney. Shermer withdrew from the case on November 3, 1950. .S. B. Wen-

---

[1]Reported in 72 N. W. (2d) 345.

nerberg was then retained as counsel, and he withdrew in February 1951. Plaintiff then retained Charles E. Carlson, Sr., to represent him, and the case was set over the February term of court until September 1951. After obtaining such continuance, Carlson withdrew from the case, and plaintiff then retained Milton G. Ouimette and Gordon S. Mangan as counsel. They dismissed the action on September 4, 1951, and in August 1952 commenced another action on behalf of plaintiff on the same claim. This action was noticed for trial at the February 1953 general term but was continued over the term because of the illness of one of the defendants. In August 1953, Ouimette and Mangan withdrew from the action, and plaintiff was unable to obtain other counsel prior to the September 1953 term, at which time his motion to continue the case to the February 1954 term was granted. In his memorandum to the order involved here, the court states that he reluctantly granted such motion to continue the case to the February 1954 term and specifically advised plaintiff that he must obtain counsel and be ready for trial at the February term of court. When the calendar was called in February 1954, neither plaintiff nor any attorney representing him answered the call of the calendar. On motion of defendants, the case was dismissed with prejudice. Plaintiff, in his affidavit submitted as part of the motion papers, explains his absence as follows:

"* * * that on or about August, 1953, your affiant had conversation with his attorney, Ouimette, at which time he was told that they could no longer handle the case and tendered return of the file to your affiant; that with the September, 1953, term of court approaching, your affiant attempted to obtain counsel to represent him at the trial of the case; that your affiant contacted Mr. Donald Bailey, an attorney in Minneapolis, Minnesota, but that said attorney declined to handle the trial of the case at that term of court for reason that he would not have sufficient time for preparation; that your affiant attended the call of the calendar on September 16, 1953, and obtained a postponement of the trial until the February, 1954, term of court; that thereafter Attorney Bailey informed your affiant that he could not handle the case for reason that the matter involved certain con-

flicts of interest with respect to his representation; that Attorney Bailey recommended Attorney William Howard for the handling of said case and accompanied your affiant to Attorney Howard's office wherein a discussion was had with regard to Howard's handling of the case; that Attorney Howard informed your affiant that he would investigate the file and make recommendations at a later time; that thereafter, as the February, 1954, term of court was approaching, your affiant was advised by his attorney, William Howard, that it would not be necessary to answer at the call of the February calendar and that, in fact, the case would be stricken from the calendar, but that the same could be reinstated in the next term of court; * * *"

Defendants contend that the court's dismissal of the action should be sustained on three grounds, namely: (1) Failure to obey an order of the court; (2) lack of diligence in prosecution; and (3) the discretion of the court.

As to the first ground, it is the contention of defendants that, when the case was continued over the September 1953 term, the court orally admonished plaintiff that he must be ready to proceed with the trial at the next term of court. An "order" of the court is defined in M. S. A. 1949, § 545.01, as follows:

"Every direction of a court or judge made or entered in writing, not included in a judgment, shall be called an order, and every application for an order shall be known as a motion."

See, also, 12 Dunnell, Dig. (3 ed.) § 6503.

While this statute has been superseded by Rules 6.04 and 7.02 of the Rules of Civil Procedure[2] as to practice and procedure, an oral admonition such as we have here falls far short of the type of order which, if disobeyed, gives the court power to dismiss an action with prejudice under Rule 41.02. It must follow that the first ground relied upon by defendants is untenable.

Nor do we believe that there has been such a showing of failure to prosecute as will justify a dismissal. It is obvious that plaintiff

[2]See, Rules of Civil Procedure, Appendix B(1) and B(2).

has had difficulty in bringing his case on for trial. It might even be suspected that there is little merit to his cause of action. However, even a litigant who has a poor lawsuit is entitled to his day in court. The case had not been brought on for trial up to the February 1954 term because the court was willing to continue the case over the term. One of such continuances was made at the request of defendants. As long as the case is continued by action of the court, presumably due to a cause which the court considers sufficient to justify such continuance,[3] it can hardly be said that there has been a lack of prosecution.

We come then to the crucial question of whether the court may dismiss an action with prejudice for failure of one of the parties to appear at the *call of the calendar*. Section 485.11 requires the preparation of a printed calendar of cases to be tried at a general term in all counties except those constituting one judicial district where only one term of court is held each year. Section 546.07 specifies the order in which cases on the calendar shall be tried.

Originally, District Court Rule 32[4] provided for a preliminary and peremptory call of the calendar. It read as follows:

"There shall be two calls of the calendar. The first shall be preliminary; the second, peremptory. All preliminary motions, except motions for continuance, shall be made on the first call. The cases shall be finally disposed of in their order upon the calendar on the second call. Where, upon the preliminary call, or at any time afterwards, no response is made by either party to a case, the case shall be stricken from the calendar unless otherwise directed by the court."

In First Nat. Bank of Northfield v. Coon, 139 Minn. 320, 166 N. W. 400, we held that, under the above rule, a party was entitled to rely thereon and to have his case called for trial in the order in which it

---

[3]Rule 6 of the District Court Rules reads as follows:

"No civil case on the general term calendar shall be continued by consent of counsel only, or otherwise than by order of the court for cause shown; * * *." See, 27 M. S. A. p. 630.

[4]This rule was applicable to all districts except those comprising Ramsey, Hennepin, and St. Louis counties. See, Mason St. 1927, p. 2124; see, also, 6 Dunnell, Dig. § 9704.

appeared on the calendar. This rule was dropped in later revisions of the district court rules.[5]

Section 546.07 reads as follows:

"The issues on the calendar of a general term shall be disposed of in the following order, unless the court shall otherwise direct:

"(1) Jury cases;

"(2) Issues of fact to be tried by the court;

"(3) Issues of law.

"If a party be absent, unless the court for good cause shall otherwise order, the adverse party may proceed with his case and take a dismissal of the action or a verdict or judgment as the case may require. If neither be present, the cause shall be stricken from the calendar."

This section has not been superseded by the rules of civil procedure.[6]

Obviously, the last paragraph of § 546.07 presupposes that a case will be called for trial. At that time, if plaintiff is not present, defendant may move for a dismissal. If defendant is not present, plaintiff may proceed to prove up his case and take a verdict or judgment as the statute provides. The words in the statute, "the adverse party may proceed with his case," can mean nothing else than that the case has been called for trial.

The record here fails to show that the case was ever called for trial. While the court rules apparently no longer expressly provide for a preliminary call of the calendar, that practice has become so common that we assume, in the absence of any showing to the contrary, that it was followed here. The record shows only a call of the calendar, not that the case was called for trial. On such showing the case may not be dismissed on the merits. While this case presents an extreme situation as far as the number of continuances granted is concerned, if the court has discretion to dismiss this case upon the call of the calendar for failure to answer the preliminary call, then the court could do so in any case. We therefore hold that the court

---

[5]See, Mason St. 1940 Supp. p. 1754; 27 M. S. A. p. 625, *et seq.*

[6]See, Rules of Civil Procedure, Appendix B(1) and B(2).

abused its discretion in dismissing the case and also in failing to reinstate it upon a proper application.

Reversed.

THOMAS GALLAGHER, JUSTICE (dissenting).

■ Rule 41.02 of Rules of Civil Procedure, which supersedes M. S. A. 1949, § 546.39,[7] provides:

"For failure of the plaintiff to prosecute or to comply with * * * any order of the court, a defendant may move for dismissal of an action * * * against him. * * * Unless the court * * * otherwise specifies, a dismissal under this rule * * * operates as an adjudication upon the merits."

The object of the rules of civil procedure as stated in Rule 1 thereof is to secure the just, speedy, and inexpensive determination of any action, and Rule 41.02 is designed to facilitate the accomplishment of this objective. The federal courts, in applying Rule 41(b) of the Federal Rules of Civil Procedure, from which our Rule 41.02 is derived, frequently ordered the dismissal of actions with prejudice for the lack of reasonable diligence in their prosecution. Tinkoff v. Jarecki (7 Cir.) 208 F. (2d) 861; Salmon v. City of Stuart (5 Cir.) 194 F. (2d) 1004; Shotkin v. Westinghouse Electric & Mfg. Co. (10 Cir.) 169 F. (2d) 825.

■ The language of Rule 41.02 makes it clear that its application was intended to be left to the sound discretion of the trial court

---

[7]Rules of Civil Procedure, Appendix B(1); 2 Youngquist & Blacik, Minnesota Rules Practice, p. 357.

M. S. A. 1949, § 546.39, provides:

"An action may be dismissed, without a final determination of its merits, in the following cases:

"(1) By the plaintiff at any time before the trial begins, if a provisional remedy has not been allowed, or a counter-claim made or other affirmative relief demanded in the answer; provided, that an action on the same cause of action against any defendant shall not be dismissed more than once without the written consent of the defendant or an order of the court on notice and cause shown;

* * * * *

"(4) By the court when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissal."

(see, federal court decisions construing Rule 41[b] of Federal Rules of Civil Procedure, 28 USCA, Rule 41, p. 384, note 8, par. 2) and, under well-established principles relating to such discretionary powers, we are bound by the trial court's judgment with respect thereto where no abuse of discretion appears. State v. Johnson, 216 Minn. 427, 13 N. W. (2d) 26, 155 A. L. R. 23; Davis v. N. P. Ry. Co. 179 Minn. 225, 229 N. W. 86; Wheeler v. Whitney, 156 Minn. 362, 194 N. W. 777.

■ By virtue of prior statutes,[8] on several occasions it has been determined that the failure of a plaintiff to appear at the call of his case for trial justifies an order for its *dismissal for failure to prosecute.* Lovell v. Village of St. Clair, 126 Minn. 108, 147 N. W. 822; Blandin v. Brennin, 106 Minn. 353, 119 N. W. 57; see, Hineline v. Minneapolis Honeywell Regulator Co. (8 Cir.) 78 F. (2d) 854. Likewise, in construing Rule 41(b) of the federal rules, a federal district court has held that the failure of a plaintiff to attend a pre-trial conference constituted sufficient grounds for dismissal for failure to prosecute. Wisdom v. Texas Co. (N. D. Ala.) 27 F. Supp. 992; see, 5 Moore, Federal Practice (2 ed.) p. 1037. Of course, in some instances such dismissals were without prejudice, although under M. S. A. 1949, § 546.39, if two such dismissals were ordered the second might be deemed final. Hineline v. Minneapolis Honeywell Regulator Co. *supra.* In all the cited cases, however, the *failure to appear* was held equivalent to a *failure to prosecute,* and under Rule 41.02 of Rules of Civil Procedure a dismissal therefor now, unless otherwise specified, would constitute an adjudication on the merits.

■ It is suggested that plaintiff's failure to appear at the *general term calendar call* was not a failure to be *present for trial* at a date set therefor, and that hence there was not the "failure to prosecute" which formed the bases for dismissals in the cited cases. Whatever merit there may be to the suggestion that the court should not entertain a motion to dismiss for failure to prosecute until the time and day set for commencement of trial, I feel the facts in the instant

[8]R. L. 1905, § 3879; Mason St. 1927, § 9322.

case would justify an exception to such a rule in any event. Here, the record definitely establishes that at the general term calendar call plaintiff was absent; that he was without counsel; and that he did not intend to appear for trial thereafter during the term. It would seem to place too great a burden upon the administration of justice to require that under such circumstances the court first set the case for trial on a day certain; call a jury to be in readiness therefor; and thereafter suspend proceedings and await such day to see if plaintiff appeared before it might entertain the motion to dismiss. In many of the judicial districts of the state, the general term calendar is called and all matters thereon disposed of the same day, so that any delay or continuance thereafter would result only in additional expense and inconvenience. With all of these considerations in mind, I am of the opinion that *under facts such as those above recited,* the action of the trial court in dismissing plaintiff's cause with prejudice for failure to prosecute, because of his failure to appear at the calendar call for the February 1954 general term, did not constitute an abuse of discretion under Rule 41.02 of Rules of Civil Procedure. Cf. Wheeler v. Whitney, 156 Minn. 362, 194 N. W. 777.

■ It must not be forgotten that defendants as well as plaintiffs are entitled to a fair, speedy, and just determination of their litigation. Cf. Jeppesen v. Swanson, 243 Minn. 547, 68 N. W. (2d) 649; Love v. Anderson, 240 Minn. 312, 61 N. W. (2d) 419. Here the frequent and extensive delays occasioned either by plaintiff's inability to retain counsel, or because of amendments, dismissals, or continuances made upon his motions, have resulted in much added expense and harassment to defendants. Such maneuvers have caused them frequently to prepare and interpose defensive pleadings; to attend the taking of depositions; to attend pre-trial conferences; and on at least three occasions to prepare for trial without presently being any nearer to a determination of the cause against them than were they four years ago when the action was first commenced. It is ironic that plaintiff now proposes that an amendment to the present complaint and the bringing in of additional parties defendant are essen-

tial before he will be in a position to proceed to trial. If under all such circumstances Rule 41.02 of the rules may not be invoked in the sound discretion of the trial court, then this rule is meaningless insofar as it relates to the general objectives of the rules as above set forth.

■ Plaintiff asserts that under M. S. A. 1949, § 546.38,[9] in effect prior to the adoption of Rule 41.02, there has been no instance of an action being dismissed for failure to prosecute where a delay of less than four years was involved as in the instant case. Section 546.38 expressly provided for dismissal on account of delays of more than five years after the commencement of actions, a factor which may have some bearing on the above assertion of plaintiff, notwithstanding it was held that the five-year limitation did not affect the inherent power of the trial court to dismiss for delays of lesser duration when other circumstances required such measures. Wheeler v. Whitney, 156 Minn. 362, 194 N. W. 777; General M. U. Co. v. Carlton County C. P. Assn. 221 Minn. 510, 22 N. W. (2d) 673. Rule 41.02, however, places no such time limitation on the court's right to dismiss for delays in the prosecution of an action. The elimination of such a restriction makes it clear that under Rule 41.02 it was intended to leave to the court's discretion the period of delay as well as the other facts and circumstances which would be deemed sufficient thereunder to call for dismissal for failure to prosecute. The conclusion in this respect is in line with that of the federal courts in their construction of Rule 41(b). Salmon v. City of Stuart, *supra;* Field v. American-West African Line, Inc. (2 Cir.) 154 F. (2d) 652; see, 5 Moore, Federal Practice (2 ed.) p. 1037; 2 Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) p. 637.

---

[9] M. S. A. 1949, § 546.38, provides:

"Any district court may dismiss, upon its own or upon the motion of either party, after such notice as the court shall in each case prescribe, any and all actions or proceedings pending therein in which issue shall have been joined and which shall not be brought to trial *within five years* from and after the commencement of each action or proceeding." (Italics supplied.)

■ Plaintiff argues that under Rule 60.02 of Rules of Civil Procedure[10] the trial court should have relieved him from the effects of his mistake in failing to appear at the February 1954 term since it was the result of his reliance on erroneous advice of counsel, citing Davenport v. Sackett, 206 Minn. 69, 288 N. W. 167; Duenow v. Lindeman, 223 Minn. 505, 27 N. W. (2d) 421. Under Rule 60.02 determination of questions such as this is left to the trial court's discretion with inquiry here as usual being limited to ascertainment of whether such discretion was abused. Stromsborg v. Stromsborg, 242 Minn. 235, 64 N. W. (2d) 499; see, Wright, Minnesota Rules, p. 350. Here we find no such abuse. Here plaintiff was given the court's directions in person in language clear to either layman or lawyer. I seriously doubt that had such directions been repeated by plaintiff to his counsel the advice claimed to have been received from him would have followed. There is no statement of such counsel to lend support to plaintiff's claim in this respect. Plaintiff's affidavit contains no assertion that his counsel was advised by plaintiff as to the conditions interposed in the court's last order for continuance. As far as the record indicates, it is clear that plaintiff understood the court's instructions and that notwithstanding this he chose to ignore them. This is far from the mistake or inadvertence that would justify the relief contemplated by Rule 60.02 or from the situations which governed this court's decision in the cases cited by plaintiff. Rather, the circumstances are not unlike those prevailing in numerous decisions wherein we have held there was no abuse of discretion in the trial court's refusal to relieve a party from the effects of his failure to appear. *E.g.*, In re Application of Bonley, 213 Minn. 214, 6 N. W. (2d) 245; Selover v. Streckfus Steamboat Line, 136 Minn. 426, 162 N. W. 518; Slatoski v. Jendro, 134 Minn. 328, 159 N. W. 752.

---

[10]Rule 60.02 of Rules of Civil Procedure provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment (other than a divorce decree), order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; * * *."