James P. GREHL, Respondent,

v.

MINNEAPOLIS PUBLIC
SCHOOLS, Relator,

Commissioner of Veterans
Affairs, Respondent.

No. C9–91–2325.

Court of Appeals of Minnesota.

May 12, 1992.

Hubert H. Humphrey, III, Atty. Gen., Bernard E. Johnson, Sp. Asst. Atty. Gen., St. Paul, for respondents.

Douglas P. Seaton, Julie M. Friedman, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, for relator.

Considered and decided by DAVIES, P.J., and KALITOWSKI and MULALLY,* JJ.

## OPINION

KALITOWSKI, Judge.

Relator, Minneapolis Public Schools, obtained a writ of certiorari, seeking review of a decision by the Commissioner of Veterans Affairs. The Commissioner ordered relator to vacate a seniority list for 62 bus driver positions and recompile the list based upon test rankings prepared by the Minneapolis Civil Service Commission. We reverse.

## FACTS

Relator Minneapolis Public Schools is a school district subject to the Minnesota Veterans Preference Act. In March 1990, the school district published a notice of intent to seek applications for the position of school bus driver.

Respondent James Grehl is an honorably discharged, non-disabled veteran, with experience as a school bus driver. Grehl

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

applied for the bus driver position and took an examination administered by the Minneapolis Civil Service Commission. In June 1990, the civil service commission notified Grehl that he had passed the examination with a score of 100. It is undisputed that when grading the examination, the civil service commission awarded Grehl five extra points for his status as a veteran.

Grehl was notified that his name had been placed on the "Civil Service Commission Eligible List" for the bus driver position. Grehl was ranked fourth on the list in the civil service priority rankings.

The school district asked the civil service commission for an alphabetized list of all applicants who had successfully completed the bus driver examination. The school district interviewed 112 candidates who had passed the examination, hired 62 bus drivers, and divided them into three groups, with different orientation, training, and starting dates. Grehl was hired and assigned to the last training group.

After the drivers were hired, seniority was established based upon the training dates, which were considered the dates of hire. The bus drivers' seniority is relevant for purposes of bidding routes, premium pay assignments, and vacations. Grehl was ranked 44th on the school district's bidding list.

When Grehl discovered his low rank on the bidding list, he requested assistance from his union. A union representative informed Grehl, however, that he believed the school district's seniority list was proper.

In April 1991, Grehl filed a petition with the Department of Veterans Affairs, seeking relief under the Minnesota Veterans Preference Act. In his petition, Grehl alleged that although he had ranked fourth on the civil service commission's list, 41 other bus drivers had actually received more seniority than he, thereby nullifying the veteran's preference laws.

The Commissioner of Veterans Affairs issued a notice of petition and order for hearing by an administrative law judge (ALJ). Subsequently, the school district filed a motion for dismissal or summary judgment.

After conducting a motion hearing, the ALJ issued findings of fact, conclusions of law, and a recommendation that the Commissioner order the school district to vacate and recompile the bus driver bidding list, based on the rankings in the civil service commission's eligible list. The Commissioner adopted the ALJ's findings, conclusions, and recommendation. The school district has obtained a writ of certiorari, seeking review of the Commissioner's decision.

## ISSUE

Did the Commissioner err by concluding that the school district violated Grehl's veteran's preference rights?

## ANALYSIS

The state civil service laws provide:

Subd. 3. **Nondisabled veteran's credit.** There shall be added to the competitive open examination rating of a nondisabled veteran, who so elects, a credit of five points provided that the veteran obtained a passing rating on the examination without the addition of the credit points.

\*     \*     \*     \*     \*     \*

Subd. 7. **Ranking of veterans.** An eligible with a rating augmented by veteran's preference shall be entered on an eligible list ahead of a nonveteran with the same rating.

Minn.Stat. § 43A.11, subds. 3, 7 (1990). This veteran's preference is applicable to school districts. Minn.Stat. § 197.455 (1990).

A veteran who has been denied rights under the above provisions may petition the Commissioner of Veterans Affairs for "such relief the commissioner finds justified by said statutes." Minn.Stat. § 197.-481, subd. 1 (1990). Appeals from a decision by the Commissioner may be taken to this court in accordance with Minnesota Statutes, chapter 14. Minn.Stat. § 197.481, subd. 6 (1990).

On appeal to this court, the Commissioner's factual findings must be upheld if they are supported by substantial evidence on the record as a whole. *See Pawelk v. Camden Township*, 415 N.W.2d 47, 50 (Minn.App.1987). However, whether the Veterans Preference Act is applicable is ultimately a question of law upon which this court is free to exercise its independent judgment. *See Ochocki v. Dakota County Sheriff's Dep't*, 464 N.W.2d 496, 497 (Minn.1991).

The Commissioner found that the 62 bus driver positions "were different positions, whose value was dependent on seniority." By including Grehl in the third group of trainees, the Commissioner found that the school district had effectively eliminated Grehl's veteran's preference point advantage.

We are unpersuaded by the Commissioner's analysis. The Commissioner has erroneously concluded that when a veteran and a non-veteran are hired at the same time, the veteran is entitled to the "better job." Here, the 62 bus driver positions differed only in terms of seniority, which is not governed by the Veterans Preference Act. Rather, the plain language of the act addresses only the issue of a veteran's ranking on an eligibility list. Once that list has been compiled, the veteran's preference laws contain no guarantees as to seniority. Thus, when Grehl received his veteran's preference points and was ranked correctly on the civil service commission's eligibility list, he was afforded all of the preference entitled to him by law.

## DECISION

The Commissioner erred by concluding that Grehl's veteran's preference rights were violated as a result of his ranking on the school district's seniority list.

Reversed.