PULS et al. v. NEW YORK, L. & W. R. CO.

(Supreme Court, Special Term, Erie County. May 20, 1907.)

JUDGMENT—ENTRY—LIMITATION.

Plaintiff could enter a money judgment over 20 years after its rendition, the presumption, if any, of its payment, being rebutted by defendant's moving papers to vacate the judgment, wherein it is set forth that nothing has been paid on the demand; Code Civ. Proc. § 376, providing that certain money judgments are conclusively presumed to be satisfied after 20 years from the time the judgment creditor was first entitled to a mandate to enforce it, relating only to the remedy by action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 518–524, 1650, 1651.]

Action by Ludwig Puls and another against the New York, Lackawanna & Western Railroad Company. Motion to vacate judgment against defendant. Denied.

Chauncey J. Hamlin, for the motion.

F. F. Williams, opposed.

POUND, J. The above action was begun in the Superior Court of Buffalo October 25, 1883, and tried January, 1885, by the court without a jury. The learned judge presiding at the trial handed down his decision December 31, 1886, in which he found that the plaintiff was entitled to recover of the defendant the sum of $30 damages. On February 15, 1907, more than 20 years after the decision had been handed down, plaintiff's attorney filed same and entered judgment thereon in Erie county clerk's office for $30 damages, $36 interest, and $124.64 costs, making in all the sum of $190.64. Defendant moves to set aside and vacate this judgment for the reason that it was not entered until over 20 years from the date of the rendering of the decision.

The only question before the court is whether plaintiff was entitled to enter judgment. The presumption, if any, that the amount awarded to plaintiff by the decision herein has been paid, is rebuttable (Matter of Looram, 73 Hun, 177, 25 N. Y. Supp. 877), and is rebutted by defendant's moving papers, wherein it is set forth that nothing has been paid on said demand. The conclusive presumption arising under the 20-year statute of limitations (Code Civ. Proc. § 376) relates only to the remedy by action. Kincaid v. Richardson, 25 Hun, 237.

Motion denied, with $10 costs.