CHARLES E. PLUMB, Plaintiff, *v.* JOHN W. ALMEKINDER et al., Defendants.

(Supreme Court, Wayne Special Term, January, 1917.)

New trial — motion for — stay — attorneys — judgments — verdicts — motions and orders — Code Civ. Pro. §§ 999, 1002 — laches.

After a verdict in favor of plaintiff, the court entertained a motion for a new trial under section 999 of the Code of Civil Procedure to be heard at a future time, and an order was entered staying all proceedings on the part of plaintiff pend-

Supreme Court, January,.1917.     [Vol. 98.

ing the determination of the motion, but defendants' attorney neglected to bring it on for argument before the death of the trial justice, four years later. The death of defendants' attorney occurred eight years after that of the justice and the motion for a new trial was never argued. The defendants neglecting and refusing to appoint a new attorney, after service upon them of a notice pursuant to section 65 of the Code of Civil Procedure, an order was granted vacating the stay of proceedings and plaintiff entered judgment upon the verdict. *Held,* that a motion to vacate said judgment on the ground that plaintiff had lost his right thereto because of laches will be denied.

That defendants' interests in the merits of the motion for a new trial, if any, could be protected by a new motion under section 1002 of said Code.

MOTION to vacate a judgment.

Horace G. Pierce (Leon A. Plumb, of counsel), for plaintiff.

Frank J. Lines, for defendants.

SAWYER, J. " The issues in the above entitled action were tried before the late Justice J. W. Dunwell and a jury at the January, 1903, term of the Supreme Court at Lyons, N. Y. The trial resulted in a verdict for the plaintiff, whereupon defendants' attorney moved for a new trial upon the judge's minutes under section 999 of the Code. The motion was entertained to be heard at a future time and an order was entered staying all proceedings on the part of plaintiff pending the argument and decision of the motion for a new trial. The defendants' attorney, however, neglected to bring said motion to argument. The justice who presided at the trial died in May, 1907. The defendants' attorney, H. R. Durfee, Esq., died in December, 1915. The defendants' motion for a new trial was never argued.

Thereupon the plaintiff served notice upon the defendants pursuant to section 65 of the Code to appoint a new attorney. The defendants, however, neglected and refused to make such new appointment within the time permitted by said section. The plaintiff then obtained an order of the court vacating the stay of proceedings and thereafter and on the 14th day of November, 1916, entered judgment upon the verdict. The court is now asked to vacate the judgment on the ground that the plaintiff has lost his right to it by laches.''

The foregoing statement of facts is taken from the brief of defendant submitted upon the motion, but to it should be added that, from time to time, between the rendition of the verdict and the month of March, 1914, plaintiff's attorney urged upon Mr. Durfee the desirability of having the pending motion disposed of, but nevertheless accepting Mr. Durfee's assurance that he intended to bring the matter on for argument rested upon his rights. On March 11, 1914, he, however, wrote Mr. Durfee asking for a stipulation vacating the stay in order that he might enter judgment, when by replying letter Mr. Durfee disclaimed any further interest in the matter and stated that he considered the action terminated long before. From that time until the service of notice under section 65 of the Code in the month of September,. 1916, plaintiff appears to have done nothing in the matter, notwithstanding such notice of Mr. Durfee's changed attitude in the premises. Motions to dismiss for lack of prosecution ordinarily have their inception in a failure upon the part of plaintiff to bring his case to trial and, as a general rule, where trial has been actually had judgment may be entered at any time after return of the verdict, either immediately or after delay which under the circumstances is not unreasonably great. *Rose* v. *Rock,* 6

Johns. 330; *Puls* v. *New York, Lack. & W. R. R. Co.,* 54 Misc. Rep. 303.

During all the years between this verdict and the entry of judgment thereon plaintiff was under the disability of an order which forbade its entry, and, until the receipt of Mr. Durfee's letter of March eighteenth, a disability which he had every reason to believe defendants claimed the benefit of. If he had either before or after that time moved to vacate the stay and for leave to enter his judgment, he would doubtless have only obtained an alternative order granting that relief in event defendants' motion was not argued within a certain limited time, or, after the death of the trial justice, the bringing on of a new motion under section 1002. Defendants' only just criticism therefore is that plaintiff was unduly lenient with them.

Full and ample warning was given to defendants by the service of the notice under section 65 of the Code that plaintiff intended to avail himself of his verdict. Except for some suggestion of a compromise settlement made through Mr. Lines, they utterly ignored its requirement leaving him to believe that, as intimated by Mr. Durfee, they had abandoned any right they had felt themselves possessed of and plaintiff thereupon promptly moved. That they are indebted to plaintiff is established by the verdict, and I am of the belief that under all the circumstances he should be permitted to retain his judgment. If there is any merit in the motion for a new trial under section 999 of the Code defendants' interests in that regard can be readily protected by a new motion made under provisions of section 1002. *Stern* v. *Wabash R. R. Co.,* 52 Misc. Rep. 12.

I do not overlook the various decisions to which my attention has been called by defendants, and particu-

larly that of *James* v. *Shea,* 28 Hun, 74. It is sufficient to say that in each of these cases the motion was disposed of upon the particular circumstances submitted to the court and purely as a matter of discretion. The law governing such motions seems to be admirably summarized by Judge Davis in the last paragraph of his opinion in *James* v. *Shea, supra,* found upon page 76.

Motion denied, with costs.