## INDUSTRIAL LOAN AND THRIFT CORPORATION (ROBERT J. BURNS, ASSIGNEE) v. OSCAR BENSON AND ANOTHER.[1]

December 21, 1945.

No. 34,034.

*Joseph L. Nathanson,* for appellant.

*Louis H. Joss,* for Robert J. Burns as assignee, respondent.

MAGNEY, JUSTICE.

Action was brought on a promissory note in the municipal court of Minneapolis against defendants, Oscar and Leonard Benson. Oscar answered and admitted service of the reply. The action was tried September 11, 1935. There was no appearance by defendants. Findings of fact, conclusions of law, and order for judgment were filed September 19, 1935. On December 11, 1944, the action was dismissed as to Leonard. Judgment was entered on December 12, 1944, against Oscar (hereinafter referred to as defendant). On December 21, 1944, defendant moved for an order vacating and

[1]Reported in 21 N. W. (2d) 99.

setting aside the judgment on the ground that it was inadvisedly entered by the clerk, "for the reason that the plaintiff and said assignee have been guilty of laches in failing to properly and seasonably prosecute said action to judgment." The court denied the motion, and defendant appeals.

In his brief, defendant sets out three assignments of error. In his motion in the lower court for an order vacating the judgment, only one error was assigned. Therefore, we shall consider only that assignment. In this assignment of error defendant contends that the trial court abused its discretion in denying his motion to open, vacate, and set aside the judgment on the ground that plaintiff and his assignee have been guilty of laches in failing properly and seasonably to prosecute the action to judgment.

Findings of fact, conclusions of law, and order for judgment were filed on September 19, 1935, as has already been stated. Entry of a formal judgment was contemplated and directed. In this state, there is no statutory requirement as to the time within which judgment may be entered. Neither plaintiff nor defendant caused such judgment to be entered. Either could have done so. Rule 17 of the district court rules provides (175 Minn. xliii):

"When a party is entitled to have judgment entered in his favor upon the verdict of a jury, report of a referee, or decision or finding of the court, and neglects to enter the same for ten days after the rendition of the verdict or notice of the filing of the report, decision, or finding; or, in case a stay has been ordered, for ten days after the expiration of such stay, the opposite party may cause judgment to be entered on five days' notice to the party entitled thereto."

In 3 Dunnell, Dig. § 5039, the purpose of the rule is stated to be:

"* * * In order to prevent the prevailing party from taking advantage of this fact [namely, that there is no statutory requirement as to the time within which judgment may be entered] to the injury of the adverse party, * * *."

In Warner v. Lockerby, 28 Minn. 28, 29, 8 N. W. 879, 880, it is said:

"* * * Either party may cause judgment to be entered in accordance with the verdict. The defeated party may cause this to be done so that he may be placed in position to take his appeal."

The district court rule referred to applies to proceedings in the municipal court of Minneapolis. See, Rule 11 of said municipal court. ·

In the case at bar, defendant had the right to enter judgment on the findings and order of the court. By doing so, he had the opportunity to toll the statute of limitations. The time which had elapsed between the filing of the findings of fact, conclusions of law, and order for judgment and the entry of the judgment did not exceed the ten-year statute of limitations applicable to judgments. So he cannot say that he was prejudiced by the failure to enter judgment, because, if judgment had been entered at the time he claims it should have been, it would not have expired by limitation when plaintiff did take action. Defendant sets out no facts showing that he has been injured or damaged by the delay, except that his Buick automobile has been levied upon and he must pay the judgment or lose his car. There is no complaint by defendant that the findings of fact, conclusions of law, and order for judgment were not proper and in accordance with the facts. Neither does he deny that he owes the money due on the note upon which suit was brought.

Defendant argues that the trial court abused its discretion in failing to grant his motion, as the admitted facts warrant no conclusion other than that plaintiff was guilty of laches. He cites Coleman v. Akers, 87 Minn. 492, 92 N. W. 408, in support of his position. In that case, where plaintiff neglected to enter judgment for nearly eight years after service of the summons upon defendant, the court held that the doctrine of laches applied and that judgment was improperly entered. The court there said (87 Minn. 493, 92 N. W. 408):

"* * * In other words, the mere institution of a suit does not, of itself, absolve a plaintiff from the charge of laches. This doctrine does not depend upon the statute of limitations, but, in a great measure, upon the peculiar circumstances surrounding such case."

The court there said that the situation was the same as if no action at all had been instituted. In the case at bar, defendant served an answer, admitted service of the reply, and did not appear at the trial of the case. Findings of fact, conclusions of law, and order for judgment were filed. Plaintiff took steps after the service of summons toward having judgment entered, which was not done in the Coleman case. Furthermore, the litigation here was in such shape that defendant himself could have entered judgment had he so desired. The control of the litigation was not entirely in the hands of plaintiff. Defendant is not in a position to complain of delay in the entry of judgment. In Crocker v. Bergh, 118 Minn. 316, 319, 136 N. W. 737, 738, where this court held that on the facts presented the question of laches was one addressed to the discretion of the trial court, it stated:

"* * * It is quite apparent from the record that the defendant himself was not free from laches."

And in State ex rel. Driscoll v. Enersen, 183 Minn. 341, 344, 236 N. W. 488, 490, it said:

"* * * Where both parties are at fault laches should not be strictly applied."

In 34 C. J., Judgments, § 193, we find this statement:

"* * * Judgment may be entered on a verdict or decision at any time thereafter, and it is the right of a party to have a judgment so entered unless the lapse of time is unreasonably great, or unless some independent right has intervened, so long as the court has not lost jurisdiction of the case. * * * The presumption of payment arising under the statute of limitations from expiration of the statutory period relates only to the remedy by action, and does not prevent entry of judgment upon a decision or verdict after

expiration of the statutory time." See, Edwards v. Hellings, 103 Cal. 204, 37 P. 218; Jerrett v. Mahan, 20 Nev. 89, 17 P. 12; Puls v. New York, etc., R. Co. 54 Misc. 303, 104 N. Y. S. 374; Plumb v. Almekinder, 98 Misc. 435, 162 N. Y. S. 598; Edmonds v. Riley, 15 S. D. 470, 90 N. W. 139.

Defendant admits that it was within the discretion of the trial court to grant his motion, but claims that the court clearly abused its discretion in refusing to do so. Each case is governed chiefly by its own circumstances. In our view of this case, the court properly exercised its discretion in refusing to vacate and set aside the judgment.

Order affirmed.