**CITY OF ST. PAUL, Relator,**

v.

**Walter HARDING, Respondent,**

**William Gregg, Commissioner of the Department of Veterans Affairs, Respondent.**

**No. C8–84–918.**

Court of Appeals of Minnesota.

Oct. 9, 1984.

Terry Sullivan, St. Paul, for relator.

Pierre Regnier, St. Paul, for respondent Harding.

Merwin Peterson, St. Paul, for respondent Gregg.

Heard, considered and decided by POPOVICH, C.J., and PARKER and LANSING, JJ.

## OPINION

POPOVICH, Chief Judge.

The City of St. Paul appeals from an order by the Commissioner of the Department of Veterans Affairs granting back pay and ordering relator to hold an employment dismissal hearing for respondent. Relator claims the Commissioner's order was not supported by substantial evidence and was affected by errors of law. We reverse.

## FACTS

Walter Harding was a firefighter for the City of St. Paul from March 1975 until June 1979. He is a veteran who served two tours in Vietnam. In early June 1979, the City learned he had been accused of incest with a daughter. A hearing was held and Harding was informed he could resign or be terminated.

On June 13, 1979, the City sent a letter of termination which stated (a) the basis for the termination, (b) Harding had the right to an appeal hearing, and (c) the appeal hearing could be postponed until

any criminal proceedings were concluded. Harding, through his first attorney, immediately requested a hearing and a continuance. The City granted Harding's request upon the condition Harding waive any claim to wages during the period of continuance: He completed the requested waiver.

Harding was convicted on criminal charges and appealed. His second attorney sent a letter dated March 27, 1980 to the City, indicating the belief that Harding's continuance should remain in effect pending the appeal, but requested a hearing to preserve Harding's rights. The City agreed to the continuance and requested notification within five days of the termination of the criminal appeal.

Harding's criminal appeal was decided March 27, 1981. *See State v. Harding*, 304 N.W.2d 14 (Minn.1981). Harding was incarcerated from March 28, 1980 until February 28, 1983. After his release, Harding retained his present attorney about getting his job back. On June 24, 1983, the City received a formal request for a hearing from Harding's attorney. The City rejected this request as untimely.

On August 12, 1983, Harding filed a petition with the Department of Veterans Affairs demanding a hearing for discharge pursuant to Minn.Stat. § 197.481 (1980). The City filed a response, and the Commissioner declared the matter a contested case. A hearing was held before a hearing examiner on December 16, 1983. The hearing examiner recommended Harding's request for a hearing be denied but that Harding receive back pay for the period between June 12 and June 26, 1979.

Harding filed an exception to the examiner's report and requested oral argument before the Commissioner. Oral arguments were held on March 27, 1984. On May 15, 1984, the Commissioner issued an order requiring the City to hold a termination hearing. The Commissioner's order also ordered back pay for the periods of June 12 to June 26, 1979 and from June 24, 1983 to the present. The City appeals the Commissioner's order.

## ISSUE

Was the right of a termination hearing required by Minn.Stat. § 197.46 (1978) waived?

## ANALYSIS

■ 1. *Standard of Review:* Minn.Stat. § 14.69 (1982) governs the standard of review in an appeal from an administrative agency:

In a judicial review under sections 14.63 to 14.68, the court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are:

(a) In violation of constitutional provisions; or

(b) In excess of the statutory authority or jurisdiction of the agency; or

(c) Made upon unlawful procedure; or

(d) Affected by other error of law; or

(e) Unsupported by substantial evidence in view of the entire record as submitted; or

(f) Arbitrary or capricious.

*Id.* Decisions of administrative agencies are presumed correct and will not be disturbed if there is evidence in the record tending to support the agency's decision. *See White v. Metropolitan Medical Center*, 332 N.W.2d 25, 26 (Minn.1983); *Reserve Mining Co. v. Herbst*, 256 N.W.2d 808, 824 (Minn.1977).

We view that by the "substantial evidence" test is meant: 1) such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; 2) more than a scintilla of evidence; 3) more than "some evidence"; 4) more than "any evidence"; and 5) evidence considered in its entirety. There are correlative rules or principles that must be recognized by a reviewing court, such as: 1) unless manifestly unjust, inferences must be accepted even though it may

appear that contrary inferences would be better supported; 2) a substantial judicial deference to the fact-finding processes of the administrative agency; and 3) the burden is upon the appellant to establish that the findings of the agency are not supported by the evidence in the record, considered in its entirety.

*Reserve Mining*, 256 N.W.2d at 825. We believe the Commissioner's order is not supported by substantial evidence.

2. *Waiver*: Minn.Stat. § 197.46 (1978) provides:

> The failure of a veteran to request a hearing within the provided 60-day period shall constitute a waiver of his right to a hearing. Such failure shall also waive all other available legal remedies for reinstatement.

*Id.* The record taken as a whole supports the conclusion that Harding received a continuance only for the duration of his criminal appeal. The original request for a continuance was until "completion of the criminal charges." The June 18, 1979 letter granted Harding's request for a continuance "until the criminal procedures have been completed." Harding signed a copy of this letter as an acknowledgment of its terms.

■ Respondents urge we interpret St. Paul Civil Service Rule 16.B literally. That rule permits a person, who has been granted a continuance and waived the right to compensation during the continuance, to request a hearing "at any time." We interpret this rule as requiring a request for a hearing within a reasonable time. Despite the 60 day requirement of Minn.Stat. § 197.46 and Harding's knowledge of the duration of the continuance, Harding did not request a hearing until more than two years after the completion of his criminal appeal. This was an unreasonable time, and Harding waived his right to a hearing. Minn.Stat. § 197.46 (1978).

■ 3. *Laches:* Our conclusion is also supported under the doctrine of laches. In order to prove laches, the person asserting the defense must show inexcusable delay in asserting a right and that the delay caused undue prejudice to the party asserting laches. *See Funchie v. Packaging Corporation of America*, 494 F.Supp. 662, 666 (D.Minn.1980); *Steenberg v. Kaysen*, 229 Minn. 300, 309–10, 39 N.W.2d 18, 23 (1949).

■ Harding's failure to request a hearing until more than two years after the agreed upon time was inexcusable delay. His incarceration did not prevent him from exercising his legal rights to request a hearing. The record clearly discloses the City would suffer substantial prejudice by reopening this matter. Two witnesses have left the state and refuse to return for a hearing. Likewise, memories of the events, which occurred more than six years ago, have surely faded.

Respondents request that laches not be applied, claiming both parties' fault caused the delay. *See Industrial Loan and Thrift Corp. v. Benson*, 221 Minn. 70, 73, 21 N.W.2d 99, 101 (1945). We do not believe the actions of the City are responsible for Harding's delay in requesting a hearing. Any fault by the City was the result of a continuous and consistent effort to accommodate Harding.

## DECISION

Respondent Harding waived his right to an employment termination hearing by waiting an unreasonable time to make his request.

Harding is entitled to back pay only for the period from June 12 to June 26, 1979.

Reversed.