In re the MARRIAGE OF: Norman OPP, Petitioner, Appellant,

and

Sharon M. LaBine, f/k/a Sharon Opp, Respondent.

No. C7–93–2120.

Court of Appeals of Minnesota.

May 17, 1994.

Edward M. Cohen, Jr., Cohen Law Office, Ltd., Minneapolis, for petitioner, appellant.

Kathleen M. Newman, Larkin, Hoffman, Daly & Lindgren, Ltd., Bloomington, for respondent.

Considered and decided by HUSPENI, P.J., and PARKER and NORTON, JJ.

## OPINION

NORTON, Judge.

On December 14, 1982, wife received an order for judgment against former husband for child support arrearages and for mortgage payments which he had failed to pay under the judgment and decree dissolving their marriage. The judgment was not entered and docketed until June 23, 1993. Husband appeals the trial court's denial of his motion to vacate the judgment. He argues that Minn.Stat. §§ 548.09 and 548.091 (1992) prevent docketing of the judgment more than ten years after the court ordered judgment. Husband also claims the trial court abused its discretion in refusing to apply the doctrine of laches to prevent entry

of the judgment for arrearages ten years past due. We disagree and affirm.

## FACTS

The marriage of appellant, Norman Opp, and respondent, Sharon LaBine, was dissolved by judgment and decree entered November 1, 1979. In December 1982, LaBine brought a contempt motion against Opp for his failure to make and keep current his obligations of child support and mortgage payments on the homestead. Opp moved for modification of his child support obligation and forgiveness of arrearages. By order dated December 14, 1982, the court modified Opp's monthly support obligation, forgave a portion of Opp's child support arrearages and ordered judgment of $4,927.49 in favor of LaBine. Judgment was not immediately entered and docketed on this order and Opp never paid respondent the monies due according to this order. On April 15, 1993, LaBine filed an affidavit of identification and amount due with the district court administrator, requesting that judgment be entered pursuant to the December 14, 1982 order. Applying the statutory interest rates from 1982 to the present, the court administrator calculated that the total amount due and owing from Opp to LaBine as of June 23, 1993 was $8,840.21.

## ISSUES

1. When a court orders judgment against a party and the court administrator has not entered and docketed the judgment, does the ten-year statute of limitations bar entry and docketing of the judgment more than ten years later?

2. Does the doctrine of laches bar entry and docketing of a judgment containing child support arrearages which is entered and docketed for the first time more than ten years after judgment was ordered?

## ANALYSIS

### I.

In his memorandum to the trial court in support of his motion to vacate the judgment, Opp argues that Minn.Stat. § 548.091 (1992), bars entry and docketing of the judgment for

child support arrearages more than ten years past due. He contends that he also made an oral argument to the trial court regarding Minn.Stat. § 548.09 (1992). LaBine claims that Opp did not present this theory to the trial court; thus he should be barred from making this argument on appeal. *See Thiele v. Stich,* 425 N.W.2d 580, 583 (Minn.1988) (barring new theory of tolling of statute of limitation raised for the first time on appeal). Opp explained he did not order a transcript of the hearing because he did not know LaBine would claim on appeal that he had not raised this statutory argument before the trial court. We will address Opp's argument because the parties disagree whether Opp argued Minn.Stat. § 548.09 to the trial court, the district court record does not show that he did not make the argument, LaBine has fully briefed that issue, and there are no disputed facts. *See* Minn.R.Civ.App.P. 103.04 (appellate courts may address any issue as justice requires). *But see Truesdale v. Friedman,* 267 Minn. 402, 404, 127 N.W.2d 277, 279 (1964) (party seeking appellate review has duty to see that appellate court is presented with a record which shows all alleged errors and matters necessary for review).

■ Construction of a statute is a question of law which this court reviews de novo. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn. 1985). When the facts are not contested, this court then must determine whether the district court erroneously applied the law. *Career Resources, Inc. v. Pearson Candy Co.,* 435 N.W.2d 114, 115 (Minn.App.1989).

At the time of entry of the judgment, section 548.09 provided:

> Except as provided in section 548.091, every judgment requiring the payment of money shall be docketed by the court administrator upon its entry. Upon a transcript of the docket being filed with the court administrator in any other county, the court administrator shall also docket it. From the time of docketing the judgment is a lien, in the amount unpaid, upon all real property in the county then or there-

after owned by the judgment debtor, but it is not a lien upon registered land unless it is also filed pursuant to sections 508.63 and 508A.63. The judgment survives, and the lien continues, for ten years after its *entry.*[1]

Minn.Stat. § 548.09, subd. 1 (emphasis added.)

■ LaBine argues that the statute unambiguously provides that the ten-year limitations period begins to run only after "entry" of the judgment. We agree. Where the words of a statute are clear and free of ambiguity, the court must apply the statute's plain meaning. *Tuma v. Commissioner of Economic Sec.,* 386 N.W.2d 702, 706 (Minn. 1986). When interpreting a statute requiring an action on a judgment to commence "within ten years after the entry of such judgment," the supreme court concluded that "the limitation shall begin to run from the *entry* of the judgment in all cases, and not from the accruing of the cause of action." *Gaines v. Grunewald,* 102 Minn. 245, 247–48, 113 N.W. 450, 451 (1907) (emphasis added).

■ Opp claims the judgment here was entered when Hennepin County Support and Collection Services made an entry on its computer showing that he owed $4,927.49, effective December 8, 1982. While this argument is novel, it is without merit. Only the district court administrator, not the county's collection services, may "enter" judgment. *See* Minn.R.Civ.P. 58.01 ("judgment in all cases shall be entered and signed by the court administrator in the judgment roll; this entry constitutes the entry of the judgment; and the judgment is not effective before such entry"). Similarly, the court's order directing "Let Judgment Be Entered Accordingly" is not equivalent to entry of the judgment, but is merely an order for judgment. The court administrator here did not enter and sign the judgment until June 23, 1993, thus the judgment was first entered on that date and the ten-year limitation period did not start running until that time. *See* Minn.Stat. § 548.09, subd. 1.

---

1. Effective August 1, 1993, section 548.09 was amended to permit renewal of judgments for child support by service of notice upon the debtor. 1993 Minn. Laws ch. 340, § 50.

The cases Opp cites are inapposite. *Tharp v. Tharp*, 228 Minn. 23, 36 N.W.2d 1 (1949), was an action to renew a judgment rather than, as here, to enter judgment for the first time. Upon defendant's motion, the trial court in *Tharp* set aside service for errors in the summons. The supreme court affirmed the trial court's dismissal of plaintiff's claim because valid service was not made within the ten-year statute of limitations. *Id.* at 27, 36 N.W.2d at 3. *Tharp* involved no dispute regarding the date from which the ten-year period commenced. In *Newell v. Dart*, 28 Minn. 248, 249, 9 N.W. 732, 733 (1881), the court calculated the ten-year period from the date the judgment was docketed. Unlike the judgment in *Tharp* and *Newell*, judgment here had been neither entered nor docketed prior to 1993.

■ The focus of Opp's written argument to the trial court concerned application of Minn.Stat. § 548.091, subd. 1a. That statute provides that a payment or installment of child support required by a judgment and decree of dissolution becomes a judgment by operation of law on or after the date payment is due. *Id.* Because Opp did not raise this issue in his notice of appeal, nor include in his written brief an argument for application of this statute, he appears to have waived his appeal on this theory. *See Lener v. St. Paul Fire & Marine Ins. Co.*, 263 N.W.2d 389, 390 (Minn.1978). Nevertheless, this court has some discretion to consider an argument that was not briefed unless irremedial prejudice to the opposing party will result. *See Balder v. Haley*, 399 N.W.2d 77, 80 (Minn.1987). We note that LaBine did brief this issue and that Opp referred to this statute in his oral argument.

We see no error in the trial court's determination that Minn.Stat. § 548.091 does not bar entry of the judgment here. In 1988, the legislature amended section 548.091 to include subdivision 1a. 1988 Minn. Laws ch. 593, § 11. In 1990, the legislature passed a law providing that:

> Minnesota Statutes, section 548.091, subdivision 1a, applies retroactively to any child support arrearage that accrued before August 1, 1988, except that no arrearage may be docketed *under Minnesota Statutes,*

> *section 548.091, subdivision 2a,* if the arrearage is more than ten years past due at the time of docketing.

1990 Minn. Laws ch. 568, art. 2, § 89 (emphasis added). By its terms, this law does not apply here. The judgment here was not obtained by operation of law from the original dissolution decree under section 548.091, subd. 1a. LaBine obtained an order for judgment on September 8, 1982, long before the legislature enacted subdivision 1a, and later moved for entry of the judgment in 1993. Further, she did not move for docketing of the order under Minn.Stat. § 548.091, subd. 2a. Thus, the aforementioned ten-year limitation period provided by the legislature does not apply here.

## II.

■ Opp claims the trial court erred when it refused to apply the doctrine of laches to prevent LaBine from docketing the judgment. The standard of review of the district court's decision on an issue of laches is whether the court abused its discretion. *Industrial Loan & Thrift Corp. v. Benson*, 221 Minn. 70, 74, 21 N.W.2d 99, 101 (1945). The doctrine of laches is an equitable doctrine intended

> to prevent one who has not been diligent in asserting a known right from recovering at the expense of one who has been prejudiced by the delay.

*Klapmeier v. Town of Center*, 346 N.W.2d 133, 137 (Minn.1984) (quoting *Aronovitch v. Levy*, 238 Minn. 237, 242, 56 N.W.2d 570, 574 (1953)).

■ Opp acknowledges the line of cases which holds that laches cannot preclude collection of child support arrearages. *See, e.g., S.G.K. v. K.S.K.*, 374 N.W.2d 525, 528 (Minn.App.1985) (holding laches should not preclude collection of child support arrearages, some of which were nine years old); *Benedict v. Benedict*, 361 N.W.2d 429, 432 (Minn. App.1985) (seven year delay in seeking arrearages). He contends that these cases should not apply here because, unlike those cases, the custodial parent here (LaBine) sought relief after the ten-year term for which her claims would have been precluded had judgment been entered in 1982. We

disagree. Minnesota has a strong policy against applying laches to preclude collection of child support arrearages:

> A lack of diligence in collection * * * cannot defeat [an obligor's] continuing support obligation, since the focus of a support obligation is on the needs of the child, not the diligence of the custodial parent.

*Vitalis v. Vitalis,* 363 N.W.2d 57, 59–60 (Minn.App.1985). Here, where there is no other bar to the entry and docketing of the judgment, the policy regarding enforcement of a child support obligation supports the trial court's discretion in refusing to vacate the judgment even though it was entered more than ten years after the court first ordered judgment. In so deciding, we note that this is not a case where the obligee has obtained a judgment for child support payments from a dissolution decree where said payments are more than ten years past due. *Cf. Dent v. Casaga,* 296 Minn. 292, 297, 208 N.W.2d 734, 737 (1973) (barring action to obtain judgment for accrued support payments more than ten years past due from dissolution decree). Unlike in *Dent,* LaBine's action to enter judgment was not from the original decree, but was from a later order which modified the decree.

This court's decision is further guided by *Industrial Loan,* 221 Minn. at 70, 21 N.W.2d at 100. There, findings of fact, conclusions of law and order for judgment were filed September 19, 1935, but judgment was not entered until nine years later. *Id.* The defendant moved for an order vacating and setting aside the judgment claiming the plaintiff was guilty of laches for failure to "seasonably" cause judgment to be entered. The supreme court said that "[i]n this state, there is no statutory requirement as to the time within which judgment may be entered." *Id.* at 71, 21 N.W.2d at 100. The supreme court observed that both parties, including the defendant, had the right to enter judgment on the findings and order of the district court. *Id.* The supreme court noted:

> Judgment may be entered on a verdict or decision at anytime thereafter, and it is the right of a party to have a judgment so entered unless the lapse of time is unreasonably great, or unless some independent

right has intervened, so long as the court has not lost jurisdiction of the case. * * * The presumption of payment arising under the statute of limitations from expiration of the statutory period relates only to the remedy by action, and does not prevent entry of judgment upon a decision or verdict after expiration of the statutory time.

*Id.* at 73–74, 21 N.W.2d at 101 (quoting 34 C.J. Judgments § 193); *see also* 49 C.J.S. Judgments § 113c(1) (1947) (second edition almost identical to first edition). In *Industrial Loan,* the supreme court affirmed the trial court's refusal to apply the doctrine of laches and vacate the judgment. *Id.* at 74, 21 N.W.2d at 101.

Similar to statutes in existence at the time of *Industrial Loan,* no statutes currently set out the time within which judgment must be entered. While Minn.Stat. § 548.09, subd. 1, states that every judgment requiring payment of money must be docketed by the court administrator "upon its entry," there is no similar requirement that an order for judgment must be entered upon its filing. Even though LaBine may have been at fault for not causing judgment to be entered at an earlier date, it is clear that Opp could have caused judgment to be entered. *See* Minn. R.Dist.Ct. 17 (1982) (directing that when a party, who is entitled to have judgment entered in its favor, neglects to enter it, the opposite party may cause judgment to be entered); Minn.R.Gen.Pract. 126 (1992) (current identical rule). Further, Opp was at fault for not earlier paying the sums contained in the order for judgment; thus, laches should not be strictly applied to afford him relief. *See State ex rel. Driscoll v. Enersen,* 183 Minn. 341, 344, 236 N.W. 488, 490 (1931) ("Where both parties are at fault laches should not be strictly applied").

Finally where Opp has failed to give any reason why he would be prejudiced by the judgment for court-ordered payment of child support and mortgage arrears, application of the doctrine of laches would not be appropriate. *See Klapmeier,* 346 N.W.2d at 137 (evidence of prejudice is essential in determining whether party's delay was unreasonable).

LaBine has moved this court for attorney fees based on Minn.Stat. § 518.14 (1992)

which provides that a court may award fees against a party "who unreasonably contributes to the length or expense of the proceeding."

The record shows that Opp has continuously failed to honor provisions in the modified dissolution decree. He failed to pay child support and mortgage payments causing LaBine to seek a judgment in 1982 for those arrearages. He then failed to pay that order for judgment. He continued not to meet his child support obligation, causing LaBine to obtain additional judgments. Opp has not paid those judgments either. Pursuant to the parties' judgment and decree, Opp received a lien against the parties' homestead equal to half of its value, subject to various additions and deductions. He brought a motion in the district court to require LaBine to sell the homestead so that he could satisfy his lien. LaBine countered this motion by arguing that, in addition to offsets provided in the decree, Opp's interest in the homestead should also be offset by a tax lien on the homestead resulting from his failure to pay real estate taxes, a pension setoff based on paragraph 6 of the judgment and decree, child support judgments and interest of $25,879, and the judgment which is the subject of this appeal. This court, in an order opinion filed on January 3, 1994, reversed the district court's order requiring LaBine to place the homestead for sale on the open market and remanded to the district court to calculate Opp's interest in the homestead directly.

Based on this record, this appeal appears to be one more of Opp's attempts to avoid his responsibility to LaBine and his children as set out in the modified dissolution decree, and to cause LaBine to incur more legal fees in defending her valid claims against him. Further, there is little, if any, merit to Opp's arguments on appeal. For these reasons, we grant LaBine's motion for reasonable appellate attorney fees. *See Roehrdanz v. Roehrdanz*, 438 N.W.2d 687, 691–92 (Minn. App.1989) (award of attorney fees on appeal under Minn.Stat. §§ 518.14 and 549.21 may be based on the impact a party's behavior has on the cost of litigation), *pet. for rev. denied* (Minn. June 21, 1989).

Because LaBine's attorney's affidavit of fees contains fees for both LaBine's response for the motion before the trial court and for her preparation for the previous appearance before this court, and because it does not contain the cost of printing her appellate brief nor her attorney fees for preparation and appearance at oral argument for this appeal, she is ordered to submit an amended affidavit of itemized fees within ten days of the release of this opinion so that we may determine reasonable costs and fees. Opp may file a letter response regarding the reasonableness of costs and fees within five days after service of LaBine's amended affidavit.

## DECISION

The trial court did not err in denying husband's motion to vacate judgment entered more than ten years after the court ordered judgment. The statute of limitation contained in Minn.Stat. § 548.09 does not start running until entry of judgment. Minn.Stat. § 548.091 does not apply because judgment here was not obtained pursuant to provisions of that statute. The trial court did not abuse its discretion in refusing to apply the doctrine of laches to bar entry of the judgment for child support arrearages and other arrearages contained in the 1982 order for judgment.

**Affirmed.**