Lloyd R. HARR, Relator,

v.

CITY OF EDINA and Commissioner of Veterans Affairs, Respondents.

No. C7–95–1277.

Court of Appeals of Minnesota.

Jan. 9, 1996.

William L. Lucas, Thorfinnson, Lucas & Olson, P.A., Eden Prairie, for Lloyd R. Harr.

David Lauth, Dorsey & Whitney, Minneapolis, for City of Edina.

Minnesota Attorney General, St. Paul, for Commissioner of Veterans Affairs.

Considered and decided by KLAPHAKE, P.J., TOUSSAINT, C.J., and HARTEN, J.

## OPINION

TOUSSAINT, Chief Judge.

This is an appeal from a decision by an administrative law judge and affirmed by the Commissioner of Veterans Affairs. The City of Edina (the City) argues that the suspension of Lloyd Harr was not in violation of the Veterans Preference Act (VPA) and he is therefore not entitled to back wages. We reverse and remand.

## FACTS

Lloyd Harr served in the U.S. Marine Corps from May 1971 to April 1972, when he was honorably discharged from active duty. From 1985 to July 2, 1990, Harr was employed by the City's Parks Maintenance Department as a light equipment operator. His duties included the frequent operation of heavy equipment, including plows, trucks, and tractors.

On December 30, 1986, Harr was arrested for driving while under the influence of alcohol. The City held a disciplinary hearing on January 8, 1987, to determine Harr's employment status. After which, Harr was suspended for two days. The City also required Harr to complete chemical dependency treatment. He complied and was allowed to return to work after the two-day suspension.

On May 28, 1990, Harr was again arrested for driving while under the influence of alcohol. As a result, the City suspended Harr for 30 days beginning July 2, 1990. Harr was also notified that his disciplinary hearing was to be held on June 27, 1990. After the hearing the City required Harr to: (1) present verification that he continued to seek substance abuse treatment; (2) show proof that he continued to participate in Alcoholics Anonymous; (3) present a valid work permit for driving; and (4) present himself to work, on time, in a clean and rested manner. Failure to meet any of these conditions would result in his termination.

Harr's driver's license was revoked for a year and his automobile insurance lapsed. Harr was notified that his employment was going to be terminated because he failed to meet the conditions of his suspension. The City notified Harr that he had a right to a VPA hearing pursuant to Minn.Stat. § 197.46. Harr made a formal request for such a hearing on November 14, 1990.

The record reveals that over the next nine months the City made numerous attempts to contact Harr so he could nominate a panel member to sit at the hearing. However, Harr never responded to these inquiries. On May 4, 1992, Harr's veterans preference hearing was held. The panel found that Harr's termination was justified and that he was not entitled to back wages. A hearing

on the back wages issue was then held before an administrative law judge. Harr's petition for relief was dismissed. The matter was then brought before the commissioner of veterans affairs where the administrative law judge's decision was affirmed.

Harr now claims that he is entitled to the amount of back wages, plus interest, that accrued from July 2, 1990, to June 19, 1992, the dates of his suspension and the termination of his employment, respectively. In making this claim he argues that his suspension amounted to a removal in violation of the VPA.

## ISSUE

1. **Did the commissioner of veterans affairs err when it affirmed the decision of the administrative law judge denying appellant's claim for back wages?**

2. **Does laches limit the amount Harr is entitled to recover?**

## ANALYSIS

### I.

■ On appeal to this court, the commissioner of veterans affair's factual findings must be upheld if they are supported by substantial evidence on the record as a whole. *Pawelk v. Camden Township*, 415 N.W.2d 47, 50 (Minn.App.1987). However, whether the VPA is applicable is ultimately a question of law on which this court is free to exercise its independent judgment. *Grehl v. Minneapolis Public Schools*, 484 N.W.2d 815, 817 (Minn.App.1992).

■ The Minnesota Veteran's Preference Act provides that an honorably-discharged veteran holding a position in public employment can be removed from his position only for "incompetency or misconduct" proved after a hearing. Minn.Stat. § 197.46. Minnesota law establishes that: (1) a suspension without pay pending discharge proceedings is illegal, (2) a suspension with pay pending discharge proceeding is permissible, and (3) a disciplinary suspension without pay is permissible. *Kurtz v. City of Apple Valley*, 290 N.W.2d 171, 173 (Minn.1980).

Under the Veterans Preference Act, a veteran is removed from his or her position of employment when the effect of the employer's action is to make it unlikely or improbable that the veteran will be able to return to the job.

*Myers v. City of Oakdale*, 409 N.W.2d 848, 850–51 (Minn.1987).

■ Harr cites *Kurtz v. City of Apple Valley*, 290 N.W.2d 171 (Minn.1980), in arguing that the conditions imposed by the City for his return to work were impossible for him to comply with. Further, Harr argues that because the conditions were impossible, they amounted to a termination rather than a suspension, in violation of the VPA. We agree.

The City, in arguing that the suspension was proper, assumes that Harr had an opportunity to comply with the terms of his suspension. However, the record shows that in order for him to return to work Harr had to: (1) show verification the he had continued to seek substance abuse treatment, (2) show verification that he continued to participate in Alcoholics Anonymous, (3) present a valid work permit for driving, and (4) present himself to work in a clean and rested manner. The memorandum attached to the conditions made it clear that he would not be allowed to return to work unless he met each of these requirements.

It was impossible for Harr to comply with the conditions of his suspension. First, his driving privileges had been terminated after his second DWI arrest. It was therefore not possible for him to obtain a valid permit. Second, because Harr was suspended without pay and without his benefits, he had no way to pay for the alcohol treatment program he was required to complete as a condition of his suspension. Harr's employment was terminated on July 2, 1990, when the terms of the suspension were imposed on him. Because Harr's employment was terminated by the terms of his "suspension," this court recognizes that Harr's rights under the VPA were violated and that some amount of back wages is due him. *See Johnson v. Village of Cohasset*, 263 Minn. 425, 437, 116 N.W.2d 692, 700 (1962) (holding that an honorably discharged military service veteran who has

been suspended without pay from public employment is entitled to an award of back wages and benefits from the date of his suspension until the date of the decision of the veterans preference hearing board, plus interest).

## II.

■ Application of the doctrine of laches depends on a factual determination in each case. The basic question is "whether there has been such an unreasonable delay in asserting a known right, resulting in prejudice to others, as would make it inequitable to grant the relief prayed for." *Fetsch v. Holm,* 236 Minn. 158, 163, 52 N.W.2d 113, 115 (1952). The purpose of the doctrine is "to prevent one who has not been diligent in asserting a known right from recovering at the expense of one who has been prejudiced by the delay." *Aronovitch v. Levy,* 238 Minn. 237, 242, 56 N.W.2d 570, 574 (1953). While evidence of prejudice is not always essential to the application of laches, it is a circumstance of importance in determining whether a plaintiff's delay was reasonable. *Id.* at 243, 56 N.W.2d at 574.

■ Harr cites *City of St. Paul v. Harding,* 356 N.W.2d 319, 322 (Minn.App.1984), in arguing that the doctrine of laches does not apply. The crux of his argument is that he applied for a hearing within a reasonable time, yet the City caused the process to be drawn out over Harr's appointment of a panel member. This argument is not persuasive. *See Sprague v. Heise,* 243 Minn. 367, 374, 67 N.W.2d 907, 912 (1954) (noting that an individual should claim his rights under the VPA in a timely manner).

Since Harr was first dismissed from his job following his second DWI arrest, he was contacted five times over nine months by the City to nominate a panel member. Harr argues that this delay caused his claim to be held up for months. Were we to give this argument credence, this court would penalize the City for following the terms of a statute and for accommodating Harr. Such an outcome is repugnant to established law. *See City of St. Paul v. Harding,* 356 N.W.2d 319, 322 (Minn.App.1984) (holding that the doctrine of laches applied when the City allowed

a fire fighter a continuance in requesting a dismissal hearing for two years because the City was attempting to accommodate him). A judgment allowing the balance of the back wages asked for would create a great inequity for the City. As a result, Harr's claim for back wages plus interest for the period from July 2, 1990, to June 19, 1992, fails.

## DECISION

Because the suspension imposed on Harr by the City of Edina amounted to a termination, and Harr's rights under the VPA were violated, we recognize his claim for back wages. However, the City's laches argument precludes Harr's full recovery of back wages accruing between July 2, 1990, and June 19, 1992. Thus, we remand for determination of what back wages are reasonably recoverable.

**Reversed and remanded.**