**Justin Alan KOKOSH, Appellant,**

v.

**$4657.00 U.S. CURRENCY,
et al., Respondents.**

A16-1229

Court of Appeals of Minnesota.

Filed May 22, 2017

Rory Patrick Durkin, Giancola & Durkin, P.A., Anoka, Minnesota (for appellant).

Peter Orput, Washington County Attorney, James Zuleger, Assistant County Attorney, Stillwater, Minnesota (for respondents).

Considered and decided by Reyes, Presiding Judge; Connolly, Judge; and Larkin, Judge.

## OPINION

REYES, Judge

In this civil forfeiture appeal, appellant argues that the district court erred in dismissing his case for lack of subject-matter jurisdiction because (1) Minn. Stat. § 609.5314 does not expressly prohibit litigants from electronically serving a party, he was allowed to electronically serve his complaint on an opposing party and (2) he is entitled to equitable relief either under the doctrine of laches or under this court's "supervisory powers." We affirm.

## FACTS

This case arises from the seizure and administrative forfeiture of $4,675 and a 2000 Lincoln LS automobile (the property) by the Minnesota State Patrol (the state patrol). Pursuant to Minn. Stat. § 609.5314, subd. 2(b) (2016), the state patrol personally served appellant Justin Alan Kokosh with a copy of the notice of seizure and intent to forfeit regarding the property.

On August 6, 2015, Kokosh, through his counsel, filed a complaint for judicial determination of forfeiture in Washington County District Court, challenging the forfeiture of the property. Kokosh's counsel attempted to electronically serve the Washington County Attorney's Office (the county) but encountered some technical difficulties. After various discussions with court staff, Kokosh's counsel was informed that the complaint was successfully filed and that the county would be served electronically as well. Believing that he had satisfied the requirements for service of process, Kokosh mailed a copy of the complaint to the county and the state patrol, but did not include an acknowledgement of service. The county never acknowledged service of Kokosh's complaint.

On November 19, the county filed a motion to dismiss for lack of subject-matter jurisdiction based on Kokosh's failure to timely serve a complaint pursuant to Minn. R. Civ. P. 4.05. In response, Kokosh argued that, while a demand for judicial determination must be filed in the form of a civil complaint, for the purposes of service, rule 5.01 controls. Kokosh also argued that the doctrine of laches should apply because the county unreasonably delayed in filing its motion to dismiss. Finally, Kokosh moved to amend his complaint under rule 4.07, to add the acknowledgment of service form required by rule 4.05, in the event that the district court found that his electronic service was ineffective.

The district court denied the county's motion to dismiss and granted Kokosh leave to amend his complaint so that he could properly serve the county. Pursuant

to the district court's order, Kokosh served an amended complaint on the county that included an acknowledgment of service. The county subsequently sought, and the district court granted, permission to file a motion for reconsideration regarding the district court's denial of its motion to dismiss.

In denying the motion for reconsideration, the district court determined that Kokosh was entitled to relief under Minn. R. Civ. P. 5.02(d), which grants relief to a party who encounters technical difficulties under Minn. Gen. R. Pract. 14.01(c). In response, the county sent a letter to the district court requesting that the court re-examine its decision and dismiss this case for lack of subject-matter jurisdiction, arguing that service by mail was ineffective and electronic service of a complaint is not permitted under the Minnesota Rules of Civil Procedure. The district court agreed and dismissed Kokosh's case for lack of subject-matter jurisdiction. This appeal follows.

## ISSUES

I. Did the district court err, as a matter of law, in determining that Kokosh failed to serve his demand for judicial determination of administrative forfeiture of his property under Minn. Stat. § 609.5314, subd. 3(a), in accordance with the Minnesota Rules of Civil Procedure?

II. Is Kokosh entitled to equitable relief?

## ANALYSIS

■ We review de novo whether service of process was effective. *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 382 (Minn. 2008). Whether a court has subject-matter jurisdiction is similarly reviewed de novo. *Strange v. 1997 Jeep Cherokee*, 597 N.W.2d 355, 357 (Minn. App. 1999). Jurisdiction to hear a demand for judicial deter-

mination of forfeiture attaches when an owner of the affected property makes a timely demand that meets statutory requirements. *Id.* at 358. Strict compliance is required, and if the owner of the affected property fails to properly serve the demand for judicial determination, no forfeiture action is commenced, and the district court lacks subject-matter jurisdiction to address the matter. *See Garde v. One 1992 Ford Explorer XLT Motor Vehicle*, 662 N.W.2d 165, 167 (Minn. App. 2003) (interpreting Minn. Stat. § 169A.65, subd. 8(d)).

I. **Under Minn. Stat. § 609.5314, an action may not be maintained unless the claimant serves a copy of the complaint on the prosecuting authority as provided under Minn. R. Civ. P. 4.**

■ Kokosh argues that he was permitted to electronically serve his complaint because Minn. Stat. § 609.5314, subd. 3(a), does not specify the manner in which a demand for judicial determination must be served. More specifically, Kokosh asserts that he was permitted to electronically serve his complaint upon the county, and entitled to relief under Minn. R. Gen. Pract. 14.01(c), because he encountered technical difficulties in electronically serving his complaint. We are not persuaded.

The administrative forfeiture statute provides the means by which a claimant may challenge the forfeiture. Specifically, a claimant may file a demand for judicial determination of forfeiture within 60 days following service of the notice of seizure and forfeiture of property. Minn. Stat. § 609.5314, subd. 3(a). "The demand must be in the form of a civil complaint," and must be filed with the court administrator "together with proof of service" on the county. *Id.* Service on the county is by "any means permitted by court rules." *Id.* We conclude that, because it is a complaint

that must be served on the opposing party in order to commence the civil in rem action, Minn. R. Civ. P. 4 is the only rule that applies. *See id., subd. 3(b)* ("[A]n action for the return of property seized under this section may not be maintained ... unless [claimant] has complied with this subdivision.")

The Minnesota Rules of Civil Procedure have a bifurcated system for service with different requirements for service of documents that commence an action and service of documents after an action has already been initiated. *See In re Skyline Materials, Ltd.*, 835 N.W.2d 472, 475-76 (Minn. 2013) (explaining difference between rule 4 and rule 5).

Service of a complaint when commencing an action must be completed by: (1) personal service under rule 4.03; (2) publication under rule 4.04; or (3) U.S. mail under rule 4.05. When serving a party by mail, service is complete "at the date of acknowledgment of service." Minn. R. Civ. P. 3.01(b). The rules of civil procedure do not allow for electronic service of a complaint "unless consented to by the defendant either in writing or electronically." *Id.* Minnesota Rule of Civil Procedure 5.01 provides the method for serving pleadings and other papers "subsequent to the original complaint." This rule permits electronic service, but also clearly provides that e-service applies to "documents after the original complaint." Minn. R. Civ. P. 5.02(b). By its plain terms, rule 5.02(b), which allows electronic service of documents, does not apply to service of the original complaint.

Section 609.5314, subdivision 3, clearly requires that the demand for judicial determination of forfeiture must be in the form of a civil complaint. Based on the plain language of the statute, a complaint can only be served according to the requirements of Minn. R. Civ. P. 4. Electron-

ic service is not permitted when serving a complaint to initiate an action unless consented to by the other party. It is uncontested that the county did not consent to electronic service and, as such, Kokosh was not permitted to serve his complaint electronically.

■■ After Kokosh unsuccessfully attempted to electronically serve his complaint, he then attempted service by mail rather than by publication or personal service. As a result, service by mail under rule 4.05 is applicable here. Service by mail requires strict compliance and is not effective if the acknowledgment is not signed and returned. *See Coons v. St. Paul Cos.*, 486 N.W.2d 771, 776 (Minn. App. 1992), *review denied* (Minn. July 16, 1992). It is uncontested that Kokosh's initial mailing to the county did not include an acknowledgment of service. Therefore, Kokosh's attempted service by mail was ineffective.

Furthermore, Kokosh initiated this action in the district court and the rules of civil procedure govern the procedures in district courts "with the exceptions stated in Rule 81." Minn. R. Civ. P. 1. Rule 81.01(a) excepts from the rules "pleadings, practice and procedure in the statutory and other proceedings listed in Appendix A insofar as they are inconsistent or in conflict with the rules." Appendix A does not list a demand for judicial determination of administrative forfeiture as an exception. Therefore, the rule 81 exception to the application of the rules of civil procedure does not apply.

■ We hold that service of a demand for judicial determination of forfeiture must be completed according to specifically Minnesota Rule of Civil Procedure 4 and not Rule 5, unless electronic service is consented to by the opposing party. Kokosh did not satisfy the service require-

ments of the rules of civil procedure, and the county did not consent to electronic service. Accordingly, the district court did not err in dismissing this matter due to lack of subject-matter jurisdiction. *See Peterson v. 2004 Ford Crown Victoria*, 792 N.W.2d 454, 458 (Minn. App. 2010) ("[w]hen a claimant fails to serve and file a demand for judicial determination of forfeiture as required by statute, a forfeiture proceeding is not initiated, and as a result there is no proceeding over which the district court has jurisdiction.")

## II. Kokosh is not entitled to equitable relief.

### A. The doctrine of laches is inapplicable here.

■ Relying on the doctrine of laches, Kokosh argues that, even assuming that his service was improper, the county's delay in submitting its motion to dismiss by over three months unjustly prejudiced Kokosh's ability to pursue his right to a judicial determination. Kokosh's reliance on the doctrine of laches is misguided.

■ "Laches is an equitable doctrine applied to prevent one who has not been diligent in asserting a known right from recovering at the expense of one who has been prejudiced by the delay." *Winters v. Kiffmeyer*, 650 N.W.2d 167, 169 (Minn. 2002) (quotation omitted). "[T]he practical question in each case is whether there has been such an unreasonable delay in asserting a known right, resulting in prejudice to others, as would make it inequitable to grant the relief prayed for." *Id.* at 170 (quotation omitted). The decision to apply the doctrine of laches is left to the district court's discretion and will only be reversed for an abuse of discretion. *In re Marriage of Opp*, 516 N.W.2d 193, 196 (Minn. App. 1994), *review denied* (Minn. Aug. 24, 1994).

Here, the doctrine of laches is inapplicable because the county did not delay enforcement of a legal right and did nothing to induce Kokosh into failing to perfect service. *See Gully v. Gully*, 599 N.W.2d 814, 825 (Minn. 1999) ("Th[e] equitable doctrine [of laches] provides that, when one sits on one's rights for too long a time, that person's claim should be estopped from continuing because it would be inequitable to require the defendant to fight the suit."). Accordingly, the district court did not abuse its discretion in refusing to apply the doctrine of laches.

### B. The Minnesota Court of Appeals is an error-correcting court and does not assume the supervisory role reserved to the Minnesota Supreme Court.

■ Kokosh next argues that this court "should exercise its supervisory power to reverse this case in the interest of justice, judicial integrity, and notions of good policy." "The function of the court of appeals is limited to identifying errors and then correcting them." *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988). Additionally, we have previously declined to exercise any supervisory authority by noting that supervisory powers are "reserved to this state's supreme court." *State v. Gilmartin*, 535 N.W.2d 650, 653 (Minn. App. 1995), *review denied* (Minn. Aug. 8, 1995). As such, we decline Kokosh's invitation to exercise supervisory powers, which are the province of the Minnesota Supreme Court.

## DECISION

In initiating his action for judicial determination of administrative forfeiture of property, Kokosh was required to strictly comply with the requirements of Minn. Stat. § 609.5314, subd. 3, including serving a copy of the demand for judicial determi-

nation on the county as provided in Minnesota Rule of Civil Procedure 4. Because a demand for judicial determination must be in the form of a complaint, electronic service is improper, absent the opposing party's consent. Additionally, Kokosh is not entitled to the equitable relief requested. Therefore, the district court did not err in dismissing this matter for lack of subject-matter jurisdiction.

**Affirmed.**